SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**State v. Susan Hyland** (A-29-18) (079028)

**Argued April 24, 2019 -- Decided June 3, 2019**

**SOLOMON, J., writing for the Court.**

To impose a Drug Court sentence, a sentencing judge must ensure that the nine requirements set forth in N.J.S.A. 2C:35-14(a) are satisfied. In this appeal, the Court considers whether a judge's finding under N.J.S.A. 2C:35-14(a)(9) -- that a defendant would not be a danger to the community while on special Drug Court probation -- may render a sentence appealable by the State as an illegal sentence.

On a night in March 2016, defendant, who was driving an automobile, struck and killed sixteen-year-old Q.T. and then fled the scene. She was indicted on three counts. The Camden County Prosecutor's Office recommended against defendant's admission into Drug Court. According to the prosecutor, because defendant left the scene of a fatal accident and failed to help Q.T., she was not the type of non-violent offender intended for Drug Court and would be a "danger to the community." N.J.S.A. 2C:35-14(a)(9).

The judge determined over the State's objection that defendant was legally eligible for a special probation Drug Court sentence. The judge acknowledged defendant's "slew of arrests and convictions" -- six in Superior Court and eleven in Municipal Court -- and stressed that defendant had made a "terrible choice" after striking Q.T. But the judge did not agree that defendant would be a danger to the community if admitted to Drug Court.

Defendant pled guilty to all three charges in the indictment. During sentencing, the judge analyzed the nine statutory factors required to impose a Drug Court sentence under N.J.S.A. 2C:35-14(a), found that defendant was "likely to respond affirmatively to Drug Court probation," and sentenced her to concurrent five-year special probation Drug Court terms on her convictions.

The State appealed. Finding neither an illegal sentence nor statutory authorization, the Appellate Division dismissed the appeal for lack of jurisdiction. 452 N.J. Super. 372, 389 (App. Div. 2017).

The Court granted the State's petition for certification. 236 N.J. 110 (2018).

1

**HELD:** The State may appeal a Drug Court sentence only when the sentencing judge makes a plainly mistaken, non-discretionary, non-factual finding under N.J.S.A. 2C:35-14(a). Because application of N.J.S.A. 2C:35-14(a)(9) requires fact-finding and an exercise of the sentencing judge's discretion, a sentence based on application of that factor is not appealable as an illegal sentence.

1. In the context of sentencing, the State has the authority to appeal in two circumstances: where there is express statutory authority to do so, or if the sentence imposed is illegal. (pp. 9-10)

2. N.J.S.A. 2C:35-14 was enacted in 1987 as part of the Comprehensive Drug Reform Act of 1987. The statute permits alternatives to imprisonment -- namely, the imposition of special probation Drug Court sentences -- for offenders "subject to a presumption of incarceration or a mandatory minimum period of parole ineligibility." N.J.S.A. 2C:35-14(a). Where certain statutory requirements are satisfied, and upon notice to the prosecutor, the court may place a drug or alcohol dependent person on special probation for a term of five years. In 1999, the Legislature amended N.J.S.A. 2C:35-14 and expressly authorized the State to appeal the imposition of a special probation Drug Court sentence under certain circumstances. The amended statute also permitted the prosecutor to "veto" a defendant's admission to Drug Court. In 2012, the Legislature amended N.J.S.A. 2C:35-14 by eliminating both the prosecutorial veto and the State's right to appeal Drug Court sentences. In doing so, the Legislature gave courts greater discretion to place the person on special probation. As a result, the State has the right to appeal a special probation Drug Court sentence only if it is illegal. (pp. 9-12)

3. There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law. Those two categories have been defined narrowly, and even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law. Deciding whether defendant's Drug Court sentence is authorized by law necessarily requires an analysis of the nine Drug Court eligibility criteria set forth in N.J.S.A. 2C:35-14, which the court must find on the record before a defendant may be sentenced to special probation. Certain eligibility criteria, such as N.J.S.A. 2C:35-14(a)(4) and (9), are discretionary determinations requiring the sentencing judge to engage in fact-finding. Here, for example, the judge applied defendant's unique characteristics and circumstances and determined that she was amenable to treatment and not a risk to the community. Even if the court abused its discretion by making a clear error in judgment, it did not impose an illegal sentence by finding that defendant satisfies N.J.S.A. 2C:35-14(a)(9). Because sentences authorized by law but premised on an abuse of discretion are not illegal, the State may not appeal a special probation Drug Court sentence based on the judge's finding of one or more of N.J.S.A. 2C:35-14(a)'s discretionary factors. (pp. 12-15)

2

4.  For future guidance, the Court adds that not all of the eligibility criteria set forth in N.J.S.A. 2C:35-14(a) necessitate fact-finding or an exercise of discretion by the sentencing judge.  Rather, some factors -- for example, N.J.S.A. 2C:35-14(a)(1), (6), (7), and (8) -- require objective, per se legal determinations.  Because the sentencing court must find all nine factors under N.J.S.A. 2C:35-14(a) before imposing a special probation Drug Court sentence, improper application by the sentencing judge of one of the nondiscretionary factors would constitute a sentence that is not imposed in accordance with law.  Such a sentence would be appealable as illegal.  (p. 16)

5.  Because defendant's sentence is not illegal and an appeal is not expressly authorized by statute, the Court has no jurisdiction to consider the State's appeal of defendant's special probation Drug Court sentence.  (p. 17)

**The judgment of the Appellate Division is AFFIRMED AS MODIFIED.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in JUSTICE SOLOMON'S opinion.**

# SUPREME COURT OF NEW JERSEY
## A-29 September Term 2018
### 079028

State of New Jersey,

Plaintiff-Appellant,

v.

Susan Hyland,

Defendant-Respondent.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
452 N.J. Super. 372 (App. Div. 2017).

| Argued | Decided |
|--------|---------|
| April 24, 2019 | June 3, 2019 |

Jennifer E. Kmieciak, Deputy Attorney General, argued
the cause for appellant (Gurbir S. Grewal, Attorney
General, attorney; Jennifer E. Kmieciak, of counsel and
on the briefs, and Linda A. Shashoua, Camden County
Assistant Prosecutor, on the briefs).

Tamar Y. Lerer, Assistant Deputy Public Defender,
argued the cause for respondent (Joseph E. Krakora,
Public Defender, attorney; Tamar Y. Lerer, of counsel
and on the briefs).

JUSTICE SOLOMON delivered the opinion of the Court.

1

To impose a Drug Court sentence, a sentencing judge must ensure that the nine requirements set forth in N.J.S.A. 2C:35-14(a) are satisfied. In this appeal, we are called upon to determine whether a judge's finding under N.J.S.A. 2C:35-14(a)(9) -- that a defendant would not be a danger to the community while on special Drug Court probation -- may render a sentence appealable by the State as an illegal sentence.

On a late night in March 2016, defendant Susan Hyland struck and killed sixteen-year-old Q.T. as he walked across a roadway.[1] Defendant fled the scene but was ultimately apprehended by the police. While in custody, defendant confirmed that she was the driver of the vehicle that struck Q.T. and admitted that she had consumed a half-pint of vodka earlier that day.

Following a grand jury indictment, a substance abuse evaluation reported that defendant was clinically eligible for Drug Court. After hearing oral argument, the trial court concluded, over the State's objection, that defendant was also legally eligible for Drug Court under N.J.S.A. 2C:35-14.

Defendant pled guilty to second- and third-degree charges, including knowingly leaving the scene of a fatal motor vehicle accident. The judge sentenced her to concurrent five-year special probation Drug Court terms. The State appealed, arguing that the sentencing judge improperly applied N.J.S.A.

---

[1] The child's name has been redacted in the record.

2

2C:35-14(a)(9) because defendant's participation in Drug Court would present a risk to public safety. The Appellate Division dismissed the State's appeal, finding that the Drug Court sentence was not illegal and, therefore, not appealable.

We conclude that the State may appeal a Drug Court sentence only when the sentencing judge makes a plainly mistaken, non-discretionary, non-factual finding under N.J.S.A. 2C:35-14(a). Because application of N.J.S.A. 2C:35-14(a)(9) requires fact-finding and an exercise of the sentencing judge's discretion, a sentence based on application of that factor is not appealable as an illegal sentence. We therefore affirm as modified the judgment of the Appellate Division.

## I.

## A.

According to an accident report created by the Pennsauken Township Police Department's Traffic Safety Unit, on a night in March 2016, defendant, who was driving an automobile, struck and killed sixteen-year-old Q.T. after he climbed over the concrete median on Route 130. Defendant fled the scene. A nearby gas station attendant heard the impact, saw Q.T. lying face-down in an adjacent parking lot, and called the police.

While police surveyed the scene, defendant's niece, who was in defendant's vehicle when she struck Q.T., called 9-1-1 to report the incident and identified defendant as the driver. Law enforcement traced the phone call to an address in Camden and found a vehicle with heavy front, hood, and windshield damage. Officers located defendant inside the home, where she admitted her involvement in the hit-and-run. According to the apprehending officers, defendant exhibited multiple signs of intoxication.

Police arrested defendant and transported her to police headquarters, where she confirmed that she was the driver of the vehicle that struck and killed Q.T. Defendant explained that she fled the scene because her driver's license had been "suspended for a long time." She also admitted that she had consumed a half-pint of vodka earlier that day.

### B.

A Camden County Grand Jury indicted defendant for second-degree knowingly leaving the scene of a fatal motor vehicle accident, N.J.S.A. 2C:11-5.1; third-degree causing death while driving with a suspended or revoked license, N.J.S.A. 2C:40-22(a); and third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2(a). The Camden County Prosecutor's Office recommended against defendant's admission into Drug Court. According to the prosecutor, because defendant left the scene of a fatal accident and failed to help Q.T.,

4

defendant was not the type of non-violent offender intended for Drug Court and would be a "danger to the community." N.J.S.A. 2C:35-14(a)(9).

The court ordered defendant to undergo a substance abuse evaluation, which revealed that defendant suffered from five substance abuse disorders. The evaluator thus concluded that defendant was clinically eligible for admission into Drug Court. Following oral argument, the judge determined over the State's objection that defendant was legally eligible for a special probation Drug Court sentence under N.J.S.A. 2C:35-14. The judge acknowledged defendant's "slew of arrests and convictions" -- six in Superior Court and eleven in Municipal Court -- and stressed that defendant had made a "terrible choice" after striking Q.T. But the judge did not view those facts to establish that defendant would be a danger to the community if admitted to Drug Court.

Defendant pled guilty to all three charges in the indictment, and the State reserved the right to object to defendant's admission into Drug Court at sentencing. During sentencing, the judge merged defendant's third-degree endangering-an-injured-victim conviction with her conviction for second-degree knowingly leaving the scene of a fatal motor vehicle accident. Analyzing the nine statutory factors required to impose a Drug Court sentence under N.J.S.A. 2C:35-14(a), the judge found that defendant was "likely to

5

respond affirmatively to Drug Court probation" and sentenced her to concurrent five-year special probation Drug Court terms on her convictions. The State appealed, and the Appellate Division stayed defendant's sentence pending review of the appeal.

## C.

Before the Appellate Division, the State argued that the sentencing court's error in assessing defendant's risk to the community under N.J.S.A. 2C:35-14(a)(9) rendered defendant's Drug Court sentence illegal and warranted reversal. Alternatively, the State contended that N.J.S.A. 2C:44-1(f)(2) -- which permits the State to appeal non-custodial or probationary sentences for first- or second-degree offenders -- expressly authorizes its appeal of defendant's Drug Court sentence.[2] In response, defendant argued that because her sentence was not illegal, the Appellate Division lacked jurisdiction to address the merits of the appeal.

Highlighting a 2012 amendment to N.J.S.A. 2C:35-14 that repealed a provision granting the State the authority to appeal a Drug Court sentence, the Appellate Division found "an unequivocal expression of the Legislature's intent to deprive the State of statutory authority to appeal special probation

---

[2] The State now agrees that N.J.S.A. 2C:35-14 removes the presumption of incarceration otherwise applicable to a defendant under N.J.S.A. 2C:44-1(d).

6

Drug Court sentences." State v. Hyland, 452 N.J. Super. 372, 389 (App. Div. 2017). The Appellate Division also found that defendant's Drug Court sentence was not illegal, explaining that "'mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization,' does not render a sentence illegal." Id. at 381 (quoting State v. Acevedo, 205 N.J. 40, 46 (2011)). Because assessment of statutory factors relates to the term of the sentence and not its legality, the Appellate Division rejected the State's contention that the court's alleged error in assessing defendant's danger to the community under N.J.S.A. 2C:35-14(a)(9) rendered the sentence illegal. Id. at 382. Finding neither an illegal sentence nor statutory authorization, the appellate court dismissed the State's appeal for lack of jurisdiction. Id. at 389.

The State petitioned this Court for certification, which we granted. 236 N.J. 110 (2018).

## II.

At various times throughout this case, the State has asserted its authority to appeal based on both express statutory authority and illegality. Before this Court, however, the State contends only that it has the authority to appeal defendant's sentence as illegal.

7

Additionally, the State argues that the Appellate Division mistakenly equated the mandatory statutory eligibility criteria set forth in N.J.S.A. 2C:35-14(a)(1) to (9) with a court's assessment of aggravating and mitigating factors under N.J.S.A. 2C:44-1. Citing State v. Ancrum, 449 N.J. Super. 526 (App. Div.), certif. denied, 231 N.J. 222 (2017), the State contends that the Appellate Division disregarded the fact that if even one of the Drug Court eligibility criteria is not met, a Drug Court sentence is plainly illegal. In doing so, the State argues that the Appellate Division "categorically insulated" Drug Court sentences -- even those predicated on an abuse of discretion -- from any appellate review, "rais[ing] serious concerns about uniformity in sentencing."

Defendant urges the Court to uphold her sentence on the ground that it is legal and therefore not reviewable. She claims that because the Legislature explicitly decided to both insulate Drug Court sentences from appeals by the State and eliminate the prosecutor's veto, a finding to the contrary would undermine clear legislative intent and eviscerate the Judiciary's independent ability to sentence a defendant to Drug Court. Defendant also claims that the State's argument conflates review for an abuse of discretion with a pure issue of law -- the illegality of a sentence. According to defendant, the State's ability to appeal whenever it is dissatisfied with judicial fact-finding at

8

sentencing "would wreak havoc on our sentencing system [and] upend decades of this Court's jurisprudence."

III.

A.

Because the appealability of a sentence is a question of law, our review is de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); accord Ancrum, 449 N.J. Super. at 531. Our analysis requires that we apply the law, as we understand it, and afford no special deference to the trial court's interpretation of the law or the legal consequences that flow from established facts. State v. Miles, 229 N.J. 83, 90 (2017).

We begin our de novo review by acknowledging that the State's right to appeal in a criminal proceeding is limited. See R. 2:3-1(b) (delineating six circumstances in which the State may lodge an appeal). In the context of sentencing, the State has the authority to appeal in two circumstances. The State may appeal where there is "express statutory authority" to do so. State v. Roth, 95 N.J. 334, 343 (1984); accord R. 2:3-1(b)(6) (permitting an appeal "as otherwise provided by law"). Alternatively, the State may appeal if the sentence imposed is illegal. State v. Ciancaglini, 204 N.J. 597, 605 (2011); see R. 3:21-10(b)(5) ("A motion may be filed and an order may be entered at any

9

time . . . correcting a sentence not authorized by law including the Code of Criminal Justice.").

B.

Ascertaining whether the State has the statutory authority to appeal special probation Drug Court sentences requires a brief analysis of N.J.S.A. 2C:35-14 and its pertinent legislative history.  N.J.S.A. 2C:35-14 was enacted in 1987 as part of the Comprehensive Drug Reform Act of 1987, L. 1987, c. 106, § 1, "to craft a new disposition alternative that allowed a court to divert prison-bound defendants into an intensively monitored and long-term program of rehabilitation," State v. Meyer, 192 N.J. 421, 434 (2007).  Consistent with that purpose, the statute permits alternatives to imprisonment -- namely, the imposition of special probation Drug Court sentences[3] -- for offenders "subject to a presumption of incarceration or a mandatory minimum period of parole ineligibility."  N.J.S.A. 2C:35-14(a); see Meyer, 192 N.J. at 431-32.  Where certain statutory requirements are satisfied, and upon notice to the prosecutor, the court may place a drug or alcohol dependent person on special probation

---

[3] Defendant was admitted to Drug Court through the court's imposition of a sentence of special probation -- one of the two tracks for admission to Drug Court.  See Meyer, 192 N.J. at 431-32; State v. Bishop, 429 N.J. Super. 533, 540 (App. Div. 2013).

10

for a term of five years.  See generally N.J.S.A. 2C:35-14.  The statute, however, has not been without significant revision.

In 1999, the Legislature amended N.J.S.A. 2C:35-14 and expressly authorized the State to appeal the imposition of a special probation Drug Court sentence under certain circumstances.  L. 1999, c. 376, § 2.  In addition, the amended statute permitted the prosecutor to "veto" a defendant's admission to Drug Court, thereby rendering the defendant ineligible for special probation.  See N.J.S.A. 2C:35-14(c) (1999).  Absent a "gross and patent abuse of [the prosecutor's] discretion" in exercising his veto power, the court could not override that objection.  N.J.S.A. 2C:35-14(c) (1999).  If the court found a "gross and patent abuse of [the prosecutor's] discretion" and sentenced a defendant to special probation Drug Court over the State's objection, the statute expressly authorized the State to appeal.  Ibid.

In 2012, in an effort "to permit additional offenders who may benefit from the [Drug Court] program to be diverted into the program instead of being sentenced to a term of incarceration," S. Budget & Appropriations Comm. Statement to S. 881 1 (L. 2012, c. 23), the Legislature amended N.J.S.A. 2C:35-14 by removing subsection (c), thereby eliminating both the prosecutorial veto and the State's right to appeal Drug Court sentences, L. 2012, c. 23; compare N.J.S.A. 2C:35-14, with N.J.S.A. 2C:35-14(c) (2011).  In

11

doing so, the Legislature gave courts "greater discretion to place the person on special probation, even if one or more of the enumerated discretionary factors was not met by a particular defendant." S. Budget & Appropriations Comm. Statement to S. 881 1-2 (L. 2012, c. 23); see State v. Maurer, 438 N.J. Super. 402, 414 (App. Div. 2014) (describing the 2012 amendment as reflecting "the Legislature's clear intention to broaden Drug Court access").

As a result, we agree with defendant -- and the State no longer disputes -- that the repeal of N.J.S.A. 2C:35-14(c) evinces a legislative intent to divest the State of its statutory authority to appeal special probation Drug Court sentences. Thus, the State has the right to appeal a special probation Drug Court sentence only if it is illegal.

C.

There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law. State v. Schubert, 212 N.J. 295, 308 (2012). Those two categories of illegal sentences have been "defined narrowly." State v. Murray, 162 N.J. 240, 246 (2000). For example, while a sentence may be illegal if "it fails to satisfy required presentencing conditions," id. at 247, it is not illegal if the sentencing judge fails to state the reasons for imposition of a sentence on the record as is required by case law, but otherwise imposes an authorized sentence, Acevedo,

12

205 N.J. at 47. In other words, even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law.

Nevertheless, deciding whether defendant's Drug Court sentence is authorized by law necessarily requires an analysis of the Drug Court eligibility criteria set forth in N.J.S.A. 2C:35-14. In addition to other requirements,[4] the court must find the following nine criteria on the record before a defendant may be sentenced to special probation:

> (1) the person has undergone a professional diagnostic assessment to determine whether and to what extent the person is drug or alcohol dependent and would benefit from treatment; and
>
> (2) the person is a drug or alcohol dependent person within the meaning of N.J.S.A. 2C:35-2 and was drug or alcohol dependent at the time of the commission of the present offense; and
>
> (3) the present offense was committed while the person was under the influence of a controlled dangerous substance, controlled substance analog or alcohol or was committed to acquire property or monies in order to support the person's drug or alcohol dependency; and

---

[4] The court must also determine that a defendant was neither convicted of nor adjudicated delinquent for the four categories of offenses enumerated in N.J.S.A. 2C:35-14(b). The parties do not dispute that defendant is not precluded from Drug Court admission under N.J.S.A. 2C:35-14(b).

(4) substance use disorders treatment and monitoring will serve to benefit the person by addressing the person's drug or alcohol dependency and will thereby reduce the likelihood that the person will thereafter commit another offense; and

(5) the person did not possess a firearm at the time of the present offense and did not possess a firearm at the time of any pending criminal charge; and

(6) the person has not been previously convicted on two or more separate occasions of crimes of the first or second degree, other than those listed in paragraph (7); or the person has not been previously convicted on two or more separate occasions, where one of the offenses is a crime of the third degree, other than crimes defined in N.J.S.A. 2C:35-10, and one of the offenses is a crime of the first or second degree; and

(7) the person has not been previously convicted or adjudicated delinquent for, and does not have a pending charge of murder, aggravated manslaughter, manslaughter, kidnapping, aggravated assault, aggravated sexual assault or sexual assault, or a similar crime under the laws of any other state or the United States; and

(8) a suitable treatment facility licensed and approved by the Division of Mental Health and Addiction Services in the Department of Human Services is able and has agreed to provide appropriate treatment services in accordance with the requirements of this section; and

(9) no danger to the community will result from the person being placed on special probation pursuant to this section.

[N.J.S.A. 2C:35-14(a).]

Certain eligibility criteria, such as N.J.S.A. 2C:35-14(a)(4) and (9), are discretionary determinations requiring the sentencing judge to engage in fact-finding. Here, for example, the judge applied defendant's unique characteristics and circumstances -- namely, that she was diagnosed with five serious substance abuse disorders and had a relatively non-violent and remote criminal history -- and determined that she was amenable to treatment and not a risk to the community. See N.J.S.A. 2C:35-14(a)(4), (9). Even if the court abused its discretion "by making a clear error in judgment," State v. S.N., 231 N.J. 497, 500 (2018), it did not impose an illegal sentence by finding that defendant satisfies N.J.S.A. 2C:35-14(a)(9).

Because this Court's jurisprudence makes clear that sentences authorized by law but premised on an abuse of discretion are not illegal, we conclude that the State may not appeal a special probation Drug Court sentence based on the judge's finding of one or more of N.J.S.A. 2C:35-14(a)'s discretionary factors. Accordingly, the State is not permitted to appeal defendant's Drug Court sentence on the basis of the court's application of N.J.S.A. 2C:35-14(a)(9). A finding to the contrary would conflate sentence illegality with judicial abuse of discretion, and undermine this Court's consistently narrow construct of which sentences it deems illegal.

15

## D.

For future guidance, we add the following. Not all of the eligibility criteria set forth in N.J.S.A. 2C:35-14(a) necessitate fact-finding or an exercise of discretion by the sentencing judge. Rather, some factors -- for example, N.J.S.A. 2C:35-14(a)(1), (6), (7), and (8) -- require objective, per se legal determinations. Because the sentencing court must find all nine factors under N.J.S.A. 2C:35-14(a) before imposing a special probation Drug Court sentence, improper application by the sentencing judge of one of the nondiscretionary factors would constitute a sentence that is "not imposed in accordance with law." Acevedo, 205 N.J. at 45 (quoting Murray, 162 N.J. at 247). Such a sentence would be appealable as illegal under our Criminal Code. See Ancrum, 449 N.J. Super. at 531, 539 (permitting appeal because the judge improperly interpreted N.J.S.A. 2C:35-14(b)(2), which bars the imposition of a Drug Court sentence for defendants convicted of disqualifying second-degree crimes).

In sum, when -- and only when -- a sentencing judge makes a plainly or clearly mistaken objective, rather than discretionary, finding under N.J.S.A. 2C:35-14(a), the State may appeal as illegal the imposition of a Drug Court sentence.

16

## IV.

Because defendant's sentence is not illegal and an appeal is not expressly authorized by statute, we have no jurisdiction to consider the State's appeal of defendant's special probation Drug Court sentence. We therefore affirm as modified the judgment of the Appellate Division.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in JUSTICE SOLOMON'S opinion.