**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1960-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DWAYNE KNIGHT, a/k/a
STONEY KNIGHT,

    Defendant-Appellant.

_____

Submitted November 14, 2019 – Decided January 16, 2020

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 90-11-5153.

Dwayne Knight, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dwayne Knight appeals from the September 12, 2018 order that denied his motion under Rule 3:21-10(b)(5) to correct an illegal sentence. We affirm the order.

In 1991, defendant was convicted of multiple offenses, including second-degree burglary, N.J.S.A. 2C:18-2; fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); two counts of first-degree robbery, N.J.S.A. 2C:15-1; felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree murder, N.J.S.A. 2C:11-3(a)(1); third-degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(b); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-5(c)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

The convictions arose from a homicide in connection with a robbery.

> [D]efendant, along with co-defendants Leon Durham and Thomas Dollard, accosted two persons in the stairway of an apartment building on Irving Turner Boulevard in Newark, unsuccessfully sought to rob them, and then forced them to accompany the three defendants while they conducted a home invasion for the purpose of armed robbery and to obtain drugs. During the home invasion, one of the residents was

2

fatally shot in the chest by Dollard, using a sawed-off shotgun carried to the residence by Knight. At the conclusion of the incident, Knight sought to kill one of the two people that the three defendants had initially accosted. However, the victim escaped by diving through a closed window, breaking his wrist. Defendant was identified as one of the perpetrators when the bag he had utilized to carry the shotgun was traced to the son of defendant's girlfriend. He subsequently confessed to his participation in the crime.

[State v. Knight, No. A-6408-06 (App. Div. Sept. 15, 2008) (slip op. at 3).][1]

Defendant was sentenced to a life term with a period of parole ineligibility. The sentencing court merged the purposeful and knowing murder count into the felony murder count for sentencing. Defendant was sentenced on the felony murder count to term of life with a thirty-year period of parole ineligibility. Defendant's convictions were affirmed on appeal and the Supreme Court denied certification. See State v. Knight, 136 N.J. 296 (1994). Defendant filed two petitions for post-conviction relief, both of which were denied. These orders were affirmed on appeal and certification was denied. State v. Knight, 157 N.J. 646 (1999); State v. Knight, 197 N.J. 476 (2009). Defendant

---

[1] We cite to this unreported decision only because it involves this defendant.

unsuccessfully filed for habeas corpus relief in the federal District Court, and the Third Circuit Court of Appeals.[2]

Defendant filed a motion in 2018 to correct what he alleged to be an illegal sentence. He argued his sentence was illegal "because instead of merging purposeful and knowing murder into felony murder[,] the trial court should have merged felony murder into the conviction for purposeful and knowing murder pursuant to State of New Jersey v. Jermile Omar Mayo, [Nos. A-4078-97; A-4160-97 (App. Div. Jan. 19, 2000) (slip op. at 11).]"

The trial court denied defendant's motion, finding the sentence of "a 'term of life' with [thirty] years parole ineligibility is not an illegal sentence" and that merging "purposeful and knowing murder with felony murder had no impact on defendant's overall sentence[.]"

Defendant raises this issue on appeal:

> THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO RULE 3:21-10(B)(5)[.]

---

[2] We have omitted description of these proceedings because none of the underlying orders was included in the appendix nor do those proceedings appear to relate to the issue on appeal raised by defendant.

4

Whether a sentence is illegal is an issue of law that we review de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "An illegal sentence that has not been completely served may be corrected at any time without impinging upon double-jeopardy principles." State v. Austin, 335 N.J. Super. 486, 494 (App. Div. 2000). Recently, our Supreme Court has reiterated "[t]here are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019) (citing State v. Schubert, 212 N.J. 295, 308 (2012)). These categories "have been 'defined narrowly.'" Ibid. (quoting State v. Murray, 162 N.J. 240, 246 (2000)). "[E]ven sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Id. at 146. Under Rule 3:21-10(b), "an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice . . . ."

Defendant's argument is that the felony murder conviction should have merged into the purposeful and knowing murder conviction not the other way around. See State v. Watson, 261 N.J. Super. 169, 181 (App. Div. 1992) (providing that "the felony murder convictions should have merged into that for

purposeful and knowing murder"). Both offenses, however, carry the same sentence: thirty years to life with a thirty-year period of parole ineligibility. The order in which the judge merged the two offenses is irrelevant.

Defendant does not dispute the sentence was authorized by the statute and that it did not exceed the maximum custodial term.[3] Even if there were an error in terms of the order in which the judge described the merger, this error did not constitute an illegal sentence. See Rule 3:21-10(b)(5). See also State v. Eckert, 410 N.J. Super. 389, 408 (App. Div. 2009) (distinguishing between a sentencing error and an illegal sentence).[4] Thus, the trial court correctly denied defendant's motion to correct an illegal sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Defendant relies on the same unreported decision he cited before the trial court. An unreported decision does not constitute precedent. It is improper to cite and rely upon an unreported decision except as allowed by Rule 1:36-3.

[4] Defendant is out of time to correct any sentencing error about the greater offense being merged into the lesser. See R. 3:21-10(a).

A-1960-18T4