**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.   A-0386-20
       A-0387-20
       A-0388-20
       A-0389-20
       A-0390-20
       A-0391-20

STATE OF NEW JERSEY,

  Plaintiff-Respondent,

v.

PETER R. MINCHELLA, JR.,

  Defendant-Appellant.

_____

    Submitted March 3, 2021 – Decided March 30, 2021

    Before Judges Fuentes and Firko.

    On appeal from the Superior Court of New Jersey, Law
    Division, Warren County, Indictment Nos. 16-11-0452,
    17-02-0071, 17-03-0105, 19-09-0285, 19-09-0298, 19-
    10-0346, and 20-01-0035.

    Winegar, Wilhelm, Glynn & Roemersma, PC, attorneys
    for appellant (Jennifer L. Toth, of counsel and on the
    briefs).

James L. Pfeiffer, Warren County Prosecutor, attorney for respondent (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

By leave granted in these consolidated matters, defendant Peter Minchella appeals from the August 20, 2020 order of the trial court denying his application for admission into Drug Court under the standards established in the Drug Court Manual, as amended on July 17, 2019, as we recently construed in State v. Figaro, 462 N.J. Super. 564 (App. Div. 2020). We affirm.

Defendant raises the following sole issue on appeal:

> IT WAS AN ERROR OF LAW AND ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY DEFENDANT'S PARTICIPATION IN THE WARREN COUNTY DRUG COURT PROGRAM UNDER A TRACK [TWO] ANALYSIS.

I.

On June 20, 2016, the Philipsburg police were dispatched to St. Luke's Warren Hospital where a victim, N.M.,[1] had been struck in the face with an aluminum bat by defendant. On July 4, 2016, while attending a party at a residence in Harmony Township, defendant assaulted victim I.D. As a result,

---

[1] We use initials to protect the confidentiality of the victims. R. 1:38-3(a).

A-0386-20

the victim spent two days in the hospital and had a metal plate surgically implanted.

On November 29, 2016, defendant was charged under Indictment Number 16-11-0452 for offenses that occurred on June 29, 2016, with third-degree aggravated assault, in violation of N.J.S.A. 2C:12-1(b)(2) (count one); and third-degree possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4(d) (count two).

On February 2, 2017, defendant was charged under Accusation Number 17-03-0105-A with third-degree unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5(c)(1); and third-degree certain persons not to possess a weapon under the New Jersey Prevention of Domestic Violence Act, N.J.S.A. 2C:39-7(b)(3) (count two).

On February 6, 2017, defendant was charged under Indictment Number 17-02-0071 for an offense that occurred on July 28, 2016, with third-degree aggravated assault, in violation of N.J.S.A. 2C:12-1(b)(2) (count one).

On March 9, 2017, defendant entered a plea agreement resolving all of the charges, and in exchange, he was sentenced to a four-year flat term of imprisonment. Defendant appealed his sentence, and we vacated the judgment of conviction (JOC) and remanded the matter to the trial court for resentencing.

A-0386-20

<u>State v. Minchella</u>, No. A-4582-16 (App. Div. Oct. 25, 2017).  On remand, the trial court resentenced defendant on January 17, 2018, to 364 days in the Warren County Correctional Center, with a condition of three years of probation, to be served concurrently on all three cases.

On November 28, 2018, the Warren County Probation Department filed a violation of probation (VOP) because defendant failed to comply with the terms of his supervision.  Because of his pattern of violent and assaultive behavior, on April 23, 2019, the State filed a motion finding defendant ineligible for Drug Court.  Defendant appealed to the Law Division.  On May 28, 2019, the trial court denied defendant's appeal and entered a memorializing order.

On July 17, 2019, defendant was incarcerated in the Northampton County Prison (NCP) for possession of a controlled dangerous substance (CDS) with intent to distribute, in violation of N.J.S.A. 2C:35-5(a) and other charges.  On January 2, 2020, defendant was sentenced to a maximum sentence of twenty-three months and twenty-nine days in NCP.[2]

On September 19, 2019, defendant was charged under Indictment Number 19-09-0298 with one count of second-degree eluding, in violation of N.J.S.A. 2C:29-2(b).  On October 21, 2019, defendant was charged under Indictment

---

[2] NCP is located in Easton, Pennsylvania.

A-0386-20

Number 19-10-0346 with third-degree possession of a CDS, in violation of N.J.S.A. 2C:35-10(a)(1) (count one); third-degree possession with intent to distribute CDS, in violation of N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(9)(b) (count two); third-degree possession with intent to distribute CDS, in violation of N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(9)(b) (count three); second-degree possession of CDS within 500 feet of a public park in violation of N.J.S.A. 2C:35-7.1 (count four); third-degree possession of CDS in violation of N.J.S.A. 2C:35-10(a)(1) (count five); third-degree possession of CDS in violation of N.J.S.A. 2C:35-10(a)(1) (count six); second-degree possession with intent to distribute CDS, in violation of N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(9)(a) (count seven); and second-degree possession with intent to distribute CDS within 500 feet of a public park, in violation of N.J.S.A. 2C:35-7.1 (count eight).

On January 27, 2020, defendant was charged under Indictment Number 20-01-0035 with third-degree distribution of CDS, in violation of N.J.S.A. 2C:35-5(b)(9)(b) (count one); third-degree possession with intent to distribute, in violation of N.J.S.A. 2C:5(b)(9)(b) (count two); and distribution of CDS in a school zone, in violation of N.J.S.A. 2C:35-7 (count three).

At defendant's request, he was transferred to the Union County Correctional Center under the Interstate Agreement on Detainers, N.J.S.A.

5

2A:159A-1 to -15, to resolve the above cited charges. On May 27, 2020, defendant applied to the Warren County Drug Court Program in respect of all of his open charges, inclusive of the three prior convictions for VOP's. Defendant's application was made after the State offered a plea agreement, which contemplated dismissal of all second-degree offenses that would bar admission under Track Two. See N.J.S.A. 2C:45-1. On June 2, 2020, the State filed a Notice of Legal Eligibility and determined that defendant was not eligible for Drug Court. On June 8, 2020, a Treatment Assessment Services for the Courts (TASC) evaluation was conducted, and a Notice of Clinical Eligibility was filed with the court. Defendant was deemed clinically eligible for Drug Court and long-term residential recovery was recommended by the evaluator.

Defendant appealed the State's rejection of his Drug Court application to the Law Division on June 15, 2020. On July 16, 2020, the trial court heard oral argument on defendant's Drug Court appeal, and on August 20, 2020, rendered a thirty-six-page written opinion denying defendant's admission to Drug Court under both Track One and Track Two analyses.

The court noted that defendant's initial appeal of the State's decision was denied based on his prior convictions "for aggravated assault as expressly prohibitive of entry into Drug Court under both a Track One and Track Two

analysis pursuant to N.J.S.A. 2C:35-14," and the 2002 Administrative Office of the Courts, Manual for the Operation of Adult Drug Courts in New Jersey (Drug Court Manual). In its May 28, 2019 decision, the court found defendant "was a danger to the community" based "substantially on [his] prior convictions for aggravated assault." The court quoted from the Manual that "[t]he Drug Court Program was designed specifically for non-violent offenders and despite recent amendments making allowances for other offenses such as robbery, the Legislature has not seen fit to amend the statute to allow for an exception for aggravated assault."

Because the Manual was thereafter amended, and we determined in Figaro that an aggravated assault conviction was no longer a per se ban to Drug Court admittance, the trial court conducted an in-depth analysis of defendant's new application for entry into the Drug Court program. 462 N.J. Super. at 578-79. Following our directive in Figaro, the trial court recognized that the Manual permits the State and the court to consider all the "statutory eligibility criteria" provided in N.J.S.A. 2C:35-14 when receiving a Track Two application and allows the State "to recommend denial based on those factors." Id. at 578.

After weighing the aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1(a) and (b), the requirements of N.J.S.A. 2C:35-14.1 and 2C:35-14.2,

A-0386-20

and the nine enumerated factors provided in N.J.S.A. 2C:35-14(a)(1) through (9), the trial court concluded defendant is "not eligible for 'Mandatory Drug Court'" because he was previously convicted of two counts of aggravated assault "less than three years ago." Based upon the plain language of the statute, the court found defendant was barred from admission into special probation under N.J.S.A. 32C:35-14(a)(7) and 2C:35-14.2(b).

Citing our decision in Figaro, the court emphasized:

> [T]he Legislature has moved inexorably toward expanding "special probation" as a sentencing alternative. See [State v. Hyland, 238 N.J. 135, 145 (2019)] (noting that the 2012 amendment, which "eliminat[ed] both the prosecutorial veto and the State's right to appeal Drug Court sentences[,]" evidenced a legislative intent to divert additional offenders into the Drug Court program); see [State v. Ancrum, 449 N.J. Super. 526, 534 (App. Div. 2017)] (noting the same amendment expanded eligibility for special probation and Drug Court by removing the bar to those previously convicted of certain second-degree crimes that are subject to the No Early Release Act); see also [State v. Maurer, 438 N.J. Super. 402, . . . 413 (App. Div. 2014)] ("Evidence of the Legislature's intention to liberalize admission to Drug Court is found in the legislative history for the 2012 amendments[.]" to N.J.S.A. 2C:35-14.).

## II.

"Drug Courts are specialized courts within the Superior Court that target drug-involved 'offenders who are most likely to benefit from treatment and do

A-0386-20

not pose a risk to public safety.'" State v. Meyer, 192 N.J. 421, 428-29 (2007) (citing Drug Court Manual at 3). There are two tracks for admission to Drug Court. Meyer, 192 N.J. 431 (citing Drug Court Manual at 10). Offenders must either satisfy the requirements for "special probation" pursuant to N.J.S.A. 2C:35-14 (Track One), or "otherwise be eligible under other sections of the Code of Criminal Justice" (Track Two). Drug Court Manual at 10; accord State v. Maurer, 438 N.J. Super. 402, 413 (App. Div. 2014) (quoting State v. Clarke, 203 N.J. 166, 174-76 (2010)).

We recently reiterated in State v. Harris, ___ N.J. Super., ___, ___ (App. Div. 2021) (slip op. at 4), the "important distinctions between the two separate 'tracks' by which defendants are admitted to Drug Court" as espoused in Figaro, 462 N.J. Super. at 564. In Harris, we explained a "Track One candidate must meet all the eligibility criteria for "special probation" enumerated in N.J.S.A. 2C:35-14(a)," and in contrast, a Track Two candidate "is not automatically disqualified from Drug Court on the grounds that he or she does not satisfy all the statutory prerequisites for special probation." Id. at ___ (slip op. at 5). Instead, we noted "the criteria enumerated in N.J.S.A. 2C:35-14(a) may be considered as relevant factors bearing on a Track Two defendant's suitability for participation in Drug Court." Ibid.

Under the first track for admission, N.J.S.A. 2C:35-14 "the Manual echoes the statutory eligibility requirements for 'special probation,' noting that the statute provides an alternative to imprisonment for offenders subject to a presumption of incarceration pursuant to N.J.S.A. 2C:44-1(d) or to a mandatory prison term pursuant to N.J.S.A. 2C:35-7." Meyer, 192 N.J. at 431-32 (citing Drug Court Manual, at 10-15). However, the Manual also "specifically lays out a second track for Drug Court admission, stating that '[s]ubstance abusing nonviolent offenders who are not subject to N.J.S.A. 2C:35-14 are also eligible for [D]rug [C]ourt disposition under the general sentencing provisions of the Code of Criminal Justice.'" Id. at 432 (alteration in original) (citing the Drug Court Manual, at 16). On this second track, an offender is eligible for Drug Court sentencing if:

> a. the person has a drug or alcohol dependence, as determined by a diagnostic assessment and substance abuse treatment and monitoring is likely to benefit the person; and
>
> b. the person has not been previously convicted or adjudicated delinquent for, and does not have a pending charge of murder, aggravated manslaughter, manslaughter, robbery, kidnapping, aggravated assault, aggravated sexual assault or sexual assault, or a similar crime under the laws of any other state or the United States; and

c. the person did not possess a firearm at the time of the present offense and has no history of possession of a firearm during an offense; and

d. no danger to the community is likely to result from the person being placed on probation.

[Drug Court Manual at 16.]

Unlike sentencing under N.J.S.A. 2C:35-14, the second track for admission "follows the Code's general sentencing provisions and allows the court to impose a probationary term not to exceed five years in accordance with N.J.S.A. 2C:45-2." Meyer, 192 N.J. at 432-33; see Drug Court Manual at 17. Accordingly, "[t]he sentencing dispositions used by Drug Courts are N.J.S.A. 2C:35-14 and N.J.S.A. 2C:45-1." Meyer, 192 N.J. at 435.

Determining whether an offender is eligible for Drug Court involves questions of law. Maurer, 438 N.J. Super. at 411. Accordingly, we use a de novo standard of review. Ibid. Having carefully reviewed the record, we affirm primarily for the reasons expressed by the trial court in its thorough written opinion accompanying the August 20, 2020 order.

The trial court conducted an analysis of the aggravating and mitigating factors in the context of our decision in Figaro and concluded defendant continues to present a danger to the community. Moreover, the court conducted the requisite probationary analysis as required for a Track Two candidate. We

discern no abuse of discretion in the trial court giving "significant consideration" to defendant's aggravated assault convictions and multiple weapons convictions under Track One. Moreover, defendant has not shown he can abide by the terms and conditions of probation.

We are convinced the trial court detailed the applicable ruling under <u>Figaro</u> and did not abuse its discretion in disqualifying defendant as a Track Two candidate for Drug Court. The trial court determined the aggravating and mitigating factors based upon substantial credible evidence in the record. <u>State v. Fuentes</u>, 217 N.J. 57, 74 (2014). There is no basis for reversal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0386-20