# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0677-20

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

IDELTRUDI C. RAMIREZ,
a/k/a IDELTRUDI CASTILLO-
RAMIREZ, EDDY CASTILLO,
and EDWIN EDDY TULLO,

    Defendant-Respondent.

_____

> Argued May 12, 2021 – Decided December 30, 2021
>
> Before Judges Fuentes and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No.19-04-0305.
>
> John McNamara, Jr., Chief Assistant Prosecutor, argued the cause for appellant (Robert J. Carroll, Morris County Prosecutor, attorney; John McNamara, Jr., of counsel and on the briefs).
>
> Terry Webb argued the cause for respondent.

The opinion of the court was delivered by

FUENTES, P.J.A.D.

In this appeal, the State, represented by the Morris County Prosecutor's Office, seeks only to correct a sentence imposed by the Criminal Part on November 10, 2020, which is not authorized by our Criminal Code under Title 2C. After reviewing the record developed before the Criminal Part, we agree with the State, vacate the sentence, and remand the case for resentencing. The following facts are not disputed.

In 2018, a thirteen-year-old girl, identified here as K.T.,[1] reported to law enforcement authorities that defendant sexually assaulted her between March 1, 2015, and November 29, 2016, when she was about ten years old. A Morris County grand jury indicted defendant Ideltrudi Castillo Ramirez and charged him with one count of first degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), one count of second degree sexual assault under N.J.S.A. 2C:14-2(c)(1), four counts of second degree sexual assault under N.J.S.A. 2C:14-2(b), and one count of third degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1).

---

[1] We use initials to identify the victim pursuant to N.J.S.A. 2A:82-46(a) and Rule 1:38-3(c)(9).

On June 10, 2020, defendant entered into a negotiated agreement with the State through which he pled guilty to third degree endangering the welfare of a child. In exchange, the State agreed to dismiss the remaining counts in the indictment and recommend the trial court sentence defendant to a five-year term of imprisonment. The court explained to defendant he was required to submit to a psychological evaluation conducted at the Adult Diagnostic and Treatment Center (ADTC), pursuant to the Sex Offender Act, N.J.S.A. 2C:47-1 to -10, required to register as a convicted sex offender under Megan's Law, N.J.S.A. 2C:7-2, subject to the special sentence of Parole Supervision for Life, N.J.S.A. 2C:43-6.4, and restrained from having any contact with the victim as required under Nicole's Law, N.J.S.A. 2C:44-8.

At the sentencing hearing held on October 30, 2020, defense counsel asked the court to sentence defendant to time served, which at that time amounted to 659 days or approximately 1.8 years, "as well as the Parole Supervision for Life." In the State's sentencing memorandum, and again at the sentencing hearing, the prosecutor argued defendant was statutorily barred from receiving a probationary term under N.J.S.A. 2C:43-2(g) because he was subject to Parole Supervision for Life under N.J.S.A. 2C:43-6.4. The State thus asked the court to sentence defendant in accordance with the plea agreement and

3

impose a five-year term of imprisonment as well as all of the statutory restrictions described at the plea hearing.

After considering the arguments of counsel, the court sentenced defendant "to time served" based on having accumulated 659 days of jail time credit in the Morris County Correctional Facility from January 11, 2019, to October 30, 2020. The court also placed defendant on Parole Supervision for Life under N.J.S.A. 2C:43-6.4, which went "into effect immediately upon Mr. Ramirez's release." Finally, the court ordered defendant to register under Megan's Law as a convicted sex offender and ordered a continuation of the restraining order under Nicole's Law.

The trial court found aggravating factors N.J.S.A. 2C:44-1(a)(3), (4), and (9), and mitigating factors N.J.S.A. 2C:44-1(b)(7) and (9). The psychological evaluation report submitted by the ADTC found defendant did not meet the criteria of a compulsive sex offender. The State does not challenge the trial court's findings of the aggravating and mitigating factors. The State's appeal is based on the trial court's failure to adhere to the clear statutory requirements applicable under the facts of this case.

It is long settled that "if the original sentence imposed upon a defendant is illegal, the sentence may be corrected at any time, even if this requires an

increase in the term of imprisonment." State v. Baker, 270 N.J. Super. 55, 72 (App. Div. 1994) (citing Bozza v. United States, 330 U.S. 160 (1947)); R. 3:21-10(b)(5). Our Supreme Court succinctly stated in State v. Hyland, "[t]here are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." 238 N.J. 135, 145 (2019). This case involves the second category of an illegal sentence.

Defendant pled guilty to the third degree offense of endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1). If the trial court imposes a custodial term, as it did here, the term of years authorized for a third degree offense "shall be fixed by the court and shall be between three years and five years." N.J.S.A. 2C:43-6(a)(3) (emphasis added). A sentence is illegal if the "disposition . . . is not authorized by our criminal code." State v. Schubert, 212 N.J. 295, 308 (2012). The time served sentence imposed by the trial court based on 659 jail time credits under Rule 3:21-8(a) amounted only to approximately 1.8 years, and thus violated the three-year minimum custodial term required for a third degree offense under N.J.S.A. 2C:43-6(a)(3).

Although the State also argues defendant cannot be sentenced to a probationary term under N.J.S.A. 2C:43-2(g), that issue is not before us because the trial court did not impose a probationary term. The time-served sentence is

vacated and the matter is remanded to the trial court for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0677-20