**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2790-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEROME FARNVILLE,

     Defendant-Appellant.

_____

> Submitted April 5, 2022 – Decided June 28, 2022
>
> Before Judges Fisher and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 06-08-0789.
>
> Jerome Farnville, appellant pro se.
>
> Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jerome Farnville appeals from the April 28, 2021 order of the Law Division denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In 2009, a jury convicted defendant of first-degree felony murder, first-degree armed robbery, second-degree robbery, third-degree unlawful acquisition of a firearm, second-degree conspiracy to commit robbery, and second-degree conspiracy to commit burglary. The charges arose from defendant's participation with several others in a plan to commit a robbery or burglary of a targeted victim. Shortly after defendant and his co-conspirators approached the target's home, the intended victim's father was shot to death. At trial, it was the State's theory that during the robbery defendant was armed with a sawed-off shotgun, one of two firearms identified as having been the potential murder weapon.

The verdict sheet for the first-degree armed robbery count asked the jury if the State had proven beyond a reasonable doubt that defendant was armed with a shotgun when the victim was killed. Although the jury convicted defendant of the armed robbery, it answered "no" to the question regarding the shotgun. The court sentenced defendant to an aggregate sixty-year term of

imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. An April 24, 2009 judgment of conviction memorializes defendant's convictions and sentence.

On direct appeal, we reversed defendant's first-degree robbery conviction because the verdict sheet on that count was incomplete. State v. Farnville, No. A-0169-09 (App. Div. Feb. 15, 2012). We affirmed the remainder of his convictions and found the first-degree robbery conviction played no part in the sentence defendant received. Ibid. The Supreme Court denied defendant's petition for certification. State v. Farnville, 212 N.J. 199 (2012).

Defendant subsequently filed a petition for PCR, alleging he was denied the effective assistance of counsel at trial. He alleged that his counsel gave him misinformation and incorrect advice, failed to file all appropriate motions, and did not object to allegedly prejudicial questions posed by the assistant prosecutor. The trial court denied the petition without a hearing. We affirmed. State v. Farnville, No. A-3226-13 (App. Div. Nov. 4, 2015). The Supreme Court denied defendant's petition for certification. State v. Farnville, 224 N.J. 527 (2016).

Defendant thereafter moved to dismiss the indictment and for a new trial. He alleged that the assistant prosecutor knowingly used or failed to correct

materially misleading testimony about the plea agreement of a co-defendant who testified against him. Defendant argued, without supporting evidence, that the assistant prosecutor had made a secret agreement with the testifying co-defendant to seek a shorter sentence than provided in the plea agreement. The trial court denied defendant's motions. We affirmed. State v. Farnville, No. A-4917-16 (App. Div. Apr. 5, 2019). The Supreme Court denied defendant's petition for certification. State v. Farnville, 240 N.J. 59 (2019).

Defendant also filed a petition for a writ of habeas corpus in the United States District Court pursuant to 28 U.S.C. § 2254. He alleged he was entitled to relief because (1) there was insufficient evidence to support his conviction for felony murder; and (2) this court's "fact finding conclusions were unreasonable and clearly erroneous." The district court denied the petition. Farnville v. Johnson, No. 17-542 (NLH), 2019 WL 1468151 (D.N.J. Apr. 2, 2019).

On April 9, 2020, defendant filed a motion in the Law Division that he styled as a request to correct an illegal sentence pursuant to Rule 3:22-2(c) and Rule 3:21-10(b)(5). He argued: (1) the State did not prove beyond a reasonable doubt each element of second-degree robbery; and (2) the trial court erred in its

instruction to the jury as to the elements of attempted robbery. Thus, he argued, the sentenced he received on his second-degree robbery conviction was illegal.

On April 28, 2021, the trial court issued an oral opinion in which it treated defendant's motion as a second PCR petition. The court concluded that defendant's arguments were both procedurally and substantively barred. See R. 3:22-12(a)(2)(A) to (C) and R. 3:22-4(b)(2)(A) to (C). The court entered an order dated April 28, 2021 dismissing the petition.

This appeal following. Defendant makes the following argument.

> DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE CAN NOT BE PROCEDURALLY OR TIME BARRED, BUT CAN BE FILED AT ANY TIME.

II.

We have carefully reviewed the record and agree with the trial court's conclusion that defendant's application was mislabeled as a motion to correct an illegal sentence. "There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019). These categories "have been 'defined narrowly.'" Ibid. (quoting State v. Murray, 162 N.J. 240, 246 (2000)). Defendant's claims challenge his conviction – both the sufficiency of its evidentiary basis and the instructions to the jury that convicted him – not

5

the legality of his sentence. The claims defendant raises are, in effect, requests for PCR.

It is apparent that by styling his motion as one to correct an illegal sentence, defendant attempted to circumvent the limitations established in Rule 3:22-4(b) and Rule 3:22-12(a)(2), for a second PCR petition. While an order to correct an illegal sentence, "may be entered at any time," R. 3:21-10(b)(5), a second PCR petition must be filed within one year of limited occurrences not applicable here. See R. 3:22-12(a)(2)(A) to (C). Defendant's second PCR petition is not based on the initial recognition of a constitutional right, R. 3:22-12(a)(2)(A), the discovery of a factual predicate that could not have been discovered earlier through the exercise of reasonable diligence, R. 3:22-12(a)(2)(B), or ineffective assistance of counsel with respect to a prior PCR petition, R. 3:22-12(a)(2)(C). In addition, a second PCR petition, unlike a motion to correct an illegal sentence, is subject to the substantive limitations set forth in the prior sentence. See R. 3:22-4(b)(2)(A) to (C).

Defendant's claims are based on substantive challenges to his convictions that were or could have been raised in his direct appeal. Absent the limited circumstances in which a second PCR petition is permitted, defendant has

exhausted the legal avenues for challenging the weight of the evidence supporting his convictions or the validity of the jury instructions at his trial.

We have carefully considered defendant's arguments to the contrary and conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2790-20