**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3901-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES NOBLE, a/k/a
GERARD ALSTON, and
GERARD FURQUAN,

    Defendant-Appellant.

_____

Submitted November 15, 2023 – Decided November 29, 2023

Before Judges Vernoia and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 95-01-0101.

Charles Noble, appellant pro se.

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 1995, a jury convicted defendant Charles Noble of seven counts of first-degree robbery, two counts of second-degree possession of a weapon for an unlawful purpose and third-degree possession of a weapon, and single counts of first-degree aggravated sexual assault, first-degree carjacking, second-degree conspiracy to commit robbery, third-degree eluding, and third-degree receiving stolen property. The court imposed an aggregate sixty-eight-year sentence with a twenty-six-year period of parole ineligibility.

We affirmed defendant's convictions and sentence, State v. Noble (Noble I), No. A-7474-95 (App. Div. Nov. 26, 1997) (slip op. at 16), and the Supreme Court denied defendant's petition for certification, State v. Noble, 153 N.J. 52 (1998). The trial court later denied defendant's post-conviction relief (PCR) petition, which in part challenged his sentence as excessive. We affirmed the PCR court's decision, State v. Noble (Noble II), No. A-1989-07 (App. Div. Apr. 20, 2010) (slip op. at 7), and the Supreme Court denied defendant's petition for certification, State v. Noble, 205 N.J. 273 (2011).

Defendant appeals from an order denying his Rule 3:21-10(b)(5) motion to correct what he claims is an illegal sentence. Before the motion court, defendant argued the trial court imposed an illegal sentence in 1995 by improperly imposing consecutive sentences on some of the charges. Defendant

2

also claimed the sentencing court did not consider or make findings concerning the overall fairness of the aggregate sentence in accord with the Supreme Court's decision in State v. Torres, 246 N.J. 246, 268 (2021). Defendant further asserted the New Jersey State Parole Board had sent him an April 14, 2022 letter stating his aggregate sentence is sixty-eight years with of parole ineligibility term of twenty-seven-years and eight months, which is eighteen months longer than the period of parole imposed by the court at the 1995 sentencing.

In a well-reasoned written decision, the motion court rejected defendant's claims. The court found defendant's sentence is not illegal as excessive because on his direct appeals from his convictions and the denial of his PCR petition, we held the sentence was imposed in accordance with the sentencing guidelines and was therefore not excessive. See Noble I, slip op. at 14-16; Noble II, slip op. at 7.

The motion court also rejected defendant's claim that his sentence was illegal because the sentencing court imposed sentences on multiple offenses but did not make an express finding as to the overall fairness of the sentence in accordance with the Supreme Court's decision in State v. Torres, which in part held a sentencing court must "explain[] the overall fairness of a sentence imposed on a defendant for multiple offenses in a single proceeding or in

3                                                                                     A-3901-21

multiple sentencing proceedings." 246 N.J. at 268. The motion court reasoned that the sentencing court's failure to make a finding as to the overall fairness of defendant's sentence did not render the sentence illegal or require resentencing because the Court in Torres did not set forth a new rule of law and we otherwise had affirmed the sentence imposed, see Noble I, slip op. at 16, and had twice rejected defendant's claim the sentence is excessive, see ibid.; Noble II, slip op. at 7.

The motion court also addressed defendant's claim based on the Parole Board's letter. Defendant asserted his sentence is illegal because the Parole Board's letter stated he was required to serve a twenty-seven-and-one-half-year period of parole ineligibility, and the sentencing court had imposed a twenty-six-year period of parole ineligibility on his 1995 convictions. The court rejected defendant's claim, explaining it appeared the Parole Board's calculation of defendant's parole ineligibility period includes a parole ineligibility term imposed on other convictions following imposition of the sentence on the 1995 convictions. In addition, the court noted that to the extent the Parole Board had erred in its determination of defendant's parole ineligibility term, defendant may challenge the error directly with the Parole Board. Thus, the court determined the Parole Board's letter did not establish that the sentence imposed on

4

defendant's 1995 convictions, from which he sought relief in his motion, is illegal.

The motion court entered an order denying defendant's motion. This appeal followed. Defendant offers the following argument for our consideration:

> POINT I
>
> THE LOWER COURT'S DENIAL OF DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE IS NOT SUPPORTED BY SUFFICIENT, CREDIBLE, EVIDENCE IN THE RECORD THEREFORE, THE SENTENCE SHOULD BE VACATED AND A RESENTENCING HEARING SHOULD BE ORDERED[.]

We conduct a de novo review of a court's determination of whether a sentence is illegal. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). On appeal, defendant reprises the arguments he presented to the motion court in support of his claims the sentence imposed for his 1995 convictions is illegal and should be corrected under Rule 3:21-10(b)(5).

Defendant argues the motion court erred by rejecting his claims that his sentence for the 1995 convictions is illegal based on the Parole Board's letter explaining his current parole eligibility date and because the sentencing court in 1995 failed to assess and make findings as to the overall fairness of his sentence

and to support its imposition of consecutive sentences. He also argues we should reverse because the court did not make findings of fact and conclusions of law supporting its denial of defendant's motion as required under Rule 1:7-4(a).

We have carefully considered defendant's arguments, find they are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons set forth in the motion court's thorough written decision. We add only the following brief comments.

Contrary to defendant's contention, the order denying his motion to correct what he claims is an illegal sentence is well-supported by the findings of fact and conclusions of law set forth in the court's written statement of reasons. The court fully complied with the requirement of Rule 1:7-4(a).

We also observe that "[o]ur Supreme Court has explained '[t]here are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law.'" State v. Chavarria, 464 N.J. Super. 1, 6 (App. Div. 2020) (citing State v. Hyland, 238 N.J. 135, 145 (2019)). Defendant makes no showing his sentence falls within either category of illegal sentences such that he is entitled to a correction of an illegal sentence under Rule 3:21-10(b)(5). And, as the motion court correctly noted, we have previously determined defendant's sentence was correctly imposed and is not

excessive. Moreover, even if the sentencing court failed to make a finding as to the overall fairness of the sentence as the Court in <u>Torres</u> explained is required, 246 N.J. at 269, that failure does not render defendant's sentence illegal, <u>see</u> <u>Hyland</u>, 238 N.J. at 146 (explaining "even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law").

In sum, defendant's motion was properly denied because he failed to demonstrate the sentence either exceeds the penalties authorized for the offenses for which he was convicted or is not otherwise authorized by law. <u>See</u> <u>ibid.</u> We accordingly affirm the court's order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3901-21