**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0724-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MACK E. MITCHELL,

    Defendant-Appellant.

_____

Submitted November 29, 2023 – Decided December 14, 2023

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-05-0525.

Mack E. Mitchell, appellant pro se.

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

After defendant Mack E. Mitchell pleaded guilty in 2015 to four counts of first-degree robbery, the court imposed an aggregate twenty-six-year sentence. On his direct appeal, we affirmed his sentence following argument on a sentencing calendar, State v. Mitchell, No. A-1417-15 (App. Div. Apr. 5, 2016). The Supreme Court denied defendant's petition for certification. State v. Mitchell, 228 N.J. 412 (2016).

Defendant subsequently filed a post-conviction relief (PCR) petition alleging ineffective assistance of his plea counsel. In an April 2, 2018 order, the trial court denied the petition without an evidentiary hearing. State v. Mitchell, No. A-3690-17 (App. Div. Feb. 22, 2019) (slip op. at 2). Defendant appealed from the denial. In support of his appeal, defendant did not argue the court erred by rejecting his claim plea counsel was ineffective. Defendant instead claimed he had been denied the effective assistance of PCR counsel. Ibid. We determined defendant did not establish an ineffective-assistance-of-PCR-counsel claim and affirmed the order denying the PCR petition. Id. at 8. The Supreme Court denied defendant's petition for certification from the PCR court's order. State v. Mitchell, 239 N.J. 417 (2019).

On August 9, 2021, more than three years after the April 2, 2018 order denying defendant's first PCR petition, and two years after we affirmed the

2

order, defendant filed a second PCR petition. The petition did not include any factual assertions supporting the request for PCR beyond the conclusory claim plea counsel and PCR counsel on the first petition were "ineffective" by "fail[ing] to object to [the first] degree charge."

In a thorough and well-reasoned written statement of reasons, Judge Joseph Paone rejected defendant's second petition as untimely. Judge Paone found the petition was governed by Rule 3:22-4(b), which requires the dismissal of a second or subsequent PCR petition unless it is timely filed under Rule 3:22-12(a)(2).

The court further explained that under Rule 3:22-12(a)(2), a second or subsequent PCR petition

> shall [not] be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

3

(C)   the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

[R. 3:22-12(a)(2)(A) to (C).]

The court further noted Rule 1:3-4(c) prohibits any enlargement of the time limitations in Rule 3:22-12.

Judge Paone found defendant's petition did not assert a claim arising under a newly recognized constitutional right or a factual predicate that could not have been discovered earlier through the exercise of reasonable diligence and, for those reasons, concluded subparts (A) and (B) of Rule 3:12-22(a)(2) were inapplicable.   The judge further explained that although defendant's second petition alleged counsel on his first petition was ineffective, the second petition was untimely under subpart (C) of the Rule because it was filed more than three years after the denial of his first petition.  The court therefore denied the second PCR petition.

The court also found a separate, but equally dispositive, reason required denial of the petition.  More particularly, Judge Paone noted that defendant had argued on his direct appeal from the denial of his first PCR petition that his counsel was ineffective in the handling of that petition.   The judge further explained that on defendant's direct appeal from the denial of his first petition,

A-0724-21

we addressed and rejected the merits of his claims PCR counsel was ineffective. See Mitchell, slip op. at 5-8. Thus, the court concluded defendant's claim PCR counsel on the first petition was ineffective was barred under Rule 3:22-5, which in pertinent part provides that "[a] prior adjudication upon the merits of any ground for relief" asserted in a PCR petition "is conclusive whether made in the prior proceedings resulting in the conviction or in any [PCR] proceeding . . . or in any appeal taken from such proceedings."

Judge Paone entered an order denying defendant's second petition without an evidentiary hearing. This appeal followed.

Defendant presents the following arguments for our consideration.

> POINT I
>
> FIRST PCR COUNSEL WAS INEFFECTIVE IN NOT RAISING INEFFECTIVE ASSISTANCE OF PLEA COUNSEL FOR ALLOWING APPELLANT TO ENTER INTO A PLEA AGREEMENT WITHOUT ESTABLISHING A "FACTUAL BASIS" OF A FIRST[-]DEGREE ROBBERY. STATE V. NORMAN, 405 N.J. SUPER. 149 ([APP. DIV. 2009]).
>
> POINT II
>
> FIRST PCR COUNSEL WAS INEFFECTIVE FOR NOT RAISING INEFFECTIVE ASSISTANCE OF PLEA COUNSEL FOR FAILING TO OBJECT TO THE SENTENCING COURT[']S RELIANCE ON AGGRAVATING FACTOR NO. 5 "ORGANIZED CRIME" DURING SENTENCING ALTHOUGH

5

THERE WAS NO EVIDENCE THAT APPELLANT WAS PART OF "ORGANIZED CRIME." STATE V. MELVIN, 248 N.J. 321 (2021).

POINT III

FIRST PCR COUNSEL WAS INEFFECTIVE FOR NOT RAISING INEFFECTIVE ASSISTANCE OF PLEA COUNSEL FOR FAILING TO OBJECT TO THE SENTENCING JUDGE IMPOSING A CONSECUTIVE TERM OF IMPRISONMENT ON COUNT NO. 6 WITHOUT MAKING AN "OVERALL FAIRNESS ASSESSMENT" PURSUANT TO STATE V. TORRES, 246 N.J. 246 (2021).

POINT IV

FIRST PCR COUNSEL WAS INEFFECTIVE FOR NOT RAISING INEFFECTIVE ASSISTANCE OF PLEA COUNSEL FOR FAILING TO ARGUE THAT THE COURT SHOULD CONSIDER APPELLANT'S WILLINGNESS TO ACCEPT THE PLEA OFFER AND TAKE RESPONSIBILITY [FOR] HIS ACTIONS AS A MITIGATING FACTOR PURSUANT TO N.J.S.A. 2C:44-1[(b)(12)] MITIGATING FACTOR [](12), STATE V. DALZIEL, 182 N.J. 494, 505-[]06 (2005).

In his brief submitted in reply to the State's opposition, defendant makes the following additional argument:

POINT I

APPELLANT SHOULD BE RESENTENCED AND GIVEN CONSIDERATION OF [] MITIGATING [FACTOR] (12) BECAUSE THE PREVIOUS APPELLATE PAN[E]L FAILED TO RECOGNIZE

6

THAT MITIGATING FACTOR (12) APPLIES TO APPELLANT BUT WAS NOT CONSIDERED DURING SENTENCING. SEE STATE V. DALZIEL, 182 N.J. 494 (2005).

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where, as here, the PCR court has not conducted an evidentiary hearing, we may "conduct a de novo review" of the court's "factual findings and legal conclusions." Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).

In our analysis of an order denying a PCR petition asserting ineffective assistance of counsel, we apply the two-part standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and later adopted under the New Jersey Constitution by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). To satisfy the standard's first prong, a defendant must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.

Under Strickland's second, "and far more difficult prong," State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)),

7

a defendant "must show that the deficient performance prejudiced the defense[,]" State v. O'Neil, 219 N.J. 598, 611 (2014) (citations omitted) (quoting Strickland, 446 U.S. at 687). That is, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant "must affirmatively prove prejudice" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

To prevail on a PCR petition, a defendant must establish both prongs of the Strickland standard. Strickland, 466 U.S. at 687; State v. Nash, 212 N.J. 518, 542 (2013). A failure to satisfy either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700. "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted).

Here, the court denied defendant's second PCR petition as untimely under Rule 3:22-12(a)(2)(C). The court further determined defendant's claim PCR counsel on his first petition was ineffective is barred under Rule 3:22-4. In his briefs on appeal, defendant does not challenge the court's denial of the petition on those bases. Defendant does not contend his second petition was timely filed under Rule 3:22-12(a)(2)(C) or dispute Rule 3:22-4 bars his claim that counsel on the first petition was ineffective. By his failure to challenge the court's determinations, defendant abandoned any claim the court erred by denying the petition under those Rules. See generally Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining an issue not briefed on appeal is deemed abandoned). For that reason alone, we affirm the court's order.

Additionally, based on our review of the record, we find no error in Judge Paone's analysis. We therefore also affirm substantially for the reasons set forth in his written decision.

In his briefs on appeal, defendant argues plea counsel and PCR counsel on the first petition were ineffective. The ineffectiveness claims are made in support of what we interpret as defendant's contention that the court erred in denying his second petition by ignoring the merits of his claims. We reject the

9

contention because the arguments made in defendant's briefs on appeal were not raised before the PCR court. As noted, defendant's second PCR petition only vaguely asserted that plea counsel and PCR counsel on defendant's first petition were ineffective by failing to object to the first-degree charge. His petition did not allege anything else. Thus, the claims he asserts in his briefs on appeal were never presented to the PCR court and are improperly raised for the first time on appeal. See State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (explaining a reviewing court generally declines to consider arguments that were not "properly presented to the trial court" and that do not "go to the jurisdiction of the trial court or concern matters of great public interest")). We reject defendant's newly minted arguments for that reason.

Even if we were to consider the merits of defendant's claims, none asserts a prima facie ineffective assistance of counsel claim under the Strickland standard. For example, defendant argues plea counsel was ineffective by allowing defendant to plead guilty to four counts of first-degree robbery in the absence of an adequate factual basis for the pleas. Defendant contends his testimony during the plea proceeding did not establish an adequate factual basis for his pleas to the first-degree robberies because he did not admit he threatened

the victims with the infliction of serious bodily injury. The argument ignores that defendant testified he brandished a handgun for the purpose of putting the respective victims in fear of immediate bodily injury during each of the four robberies. As such, there was an adequate factual basis for his first-degree robbery convictions even in the absence of any admission that serious bodily injury was threatened or inflicted. See N.J.S.A. 2C:15-1(a)(2) and (b) (providing an actor commits a first-degree robbery by threatening another with, or purposely putting another in fear of immediate bodily injury while armed with, or using or threatening to use, a deadly weapon).

Similarly, defendant contends PCR counsel on the first petition was ineffective by not arguing that plea counsel erred by failing to object to the sentencing court's finding of aggravating factor five—there was a substantial likelihood defendant was involved in organized criminal activity, N.J.S.A. 2C:44-1(a)(5). The claim is undermined by the record. At defendant's sentencing the court found aggravating factor five based on defendant's admitted involvement in a series of armed robberies with various cohorts. Defendant makes no showing the court's finding was either erroneous or unsupported by the evidence, and neither plea counsel nor PCR counsel were ineffective by failing to make a meritless argument that the court erred in finding aggravating

11

factor five at sentencing.  See State v. O'Neal, 190 N.J. 601, 619 (2007); State v. Worlock, 117 N.J. 596, 625 (1990).

Defendant also argues plea counsel was ineffective by failing to challenge the court's imposition of consecutive sentences resulting in an aggregate twenty-six-year sentence.  Defendant claims plea counsel should have objected because the imposition of consecutive sentences without consideration of the overall fairness of the sentence rendered his sentence illegal under the Supreme Court's decision in Torres, 246 N.J. at 268.

"[T]here are two categories of illegal sentences:  those that exceed the penalties authorized for a particular offense, and those that are not authorized by law."  State v. Chavarria, 464 N.J. Super. 1, 6 (App. Div. 2020) (quoting State v. Hyland, 238 N.J. 135, 145 (2019)).  Defendant makes no showing his sentence falls within either category of illegal sentences such that plea counsel could have made a meritorious argument the consecutive sentences imposed were illegal.

Further, even if the sentencing court failed to make a finding as to the overall fairness of the sentence as the Court in Torres explained is required, 246 N.J. at 268, that failure did not render defendant's sentence illegal, see Hyland, 238 N.J. at 146 (explaining "even sentences that disregard controlling case law

12

or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law").  Again, plea counsel was not ineffective by failing to make meritless arguments challenging a legal sentence that we determined on defendant's direct appeal was properly imposed. O'Neal, 190 N.J. at 619; Worlock, 117 N.J. at 625.

Defendant also claims PCR counsel was ineffective by failing to argue that plea counsel erred by failing to request that the sentencing court find mitigating factor twelve—defendant's willingness to cooperate with law enforcement, N.J.S.A. 2C:44-1(b)(12).  Defendant argues he was entitled to a finding of mitigating factor twelve because he entered into a plea agreement and pleaded guilty to the four first-degree robberies.  As support for his argument, defendant relies on the Supreme Court's determination in State v. Dalziel that a finding of mitigating factor twelve is required based on a defendant's "cooperation with law enforcement" that "was part of [a] plea agreement."  182 N.J. at 505.

Defendant's reliance on Dalziel is misplaced.  Contrary to defendant's contention, the Court in Dalziel did not determine that a defendant is entitled to a finding of mitigating factor twelve by simply pleading guilty to an offense.  In

A-0724-21

Dalziel, the defendant was deemed entitled to a finding of the mitigation factor because he agreed to cooperate with law enforcement as a condition of his plea agreement. Id. at 505-06. Thus, it was not the defendant's plea agreement that supported a finding of mitigating factor twelve; it was the defendant's cooperation with law enforcement, distinct from the plea agreement, the Court found supported a finding of the mitigating factor. Ibid.; see also State v. Henry, 323 N.J. Super. 157, 166 (App. Div. 1999) (noting the defendant who had pleaded guilty to various offenses was entitled to a finding of mitigating factor twelve because he testified against one co-defendant and agreed to testify against another).

Unlike the defendant in Dalziel, defendant offers no evidence he provided cooperation to law enforcement, and he does not cite to any legal authority supporting his contention he is entitled to a finding of mitigating factor twelve simply because he pleaded guilty. Thus, we reject defendant's claim PCR counsel was ineffective by failing to argue plea counsel erred by not requesting a finding of mitigating factor twelve. Plea counsel did not provide constitutionally ineffective assistance by failing to make a wholly meritless argument. O'Neal, 190 N.J. at 619; Worlock, 117 N.J. at 625.

To the extent we have not expressly addressed any of defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in this opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15