**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3707-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NATASHA WHITE,

     Defendant-Appellant.

_____

Submitted December 19, 2023 – Decided January 8, 2024

Before Judges Rose and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 07-10-3478.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the briefs).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Natasha White appeals from a June 30, 2022 Law Division order, which denied her second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was untimely filed and otherwise lacked merit.

We incorporate by reference the facts and procedural history set forth in our prior opinion, affirming defendant's convictions and sentence on direct appeal. State v. White (White I), No. A-0304-09 (App. Div. July 10, 2012) (slip op. at 3-11). Defendant's "convictions arose out of two related incidents." Id. at 3. "In the first incident, defendant purposefully rammed her vehicle" into her paramour Zachary Sanders's vehicle after they argued outside of a bar. Id. at 3-4. She then "attempted to hit Sanders" before driving off. Id. at 4. The second incident occurred several days later at the same bar. Id. at 5. Defendant and Sanders had another argument and exited the bar. Id. at 6. While intoxicated, defendant intentionally drove her vehicle into Sanders and another individual. Id. at 7-8. Sanders "landed on the middle of the [vehicle's] hood," and defendant nonetheless continued to drive, dragging Sanders under her vehicle, which resulted in his death. Ibid.

In 2009, a jury convicted defendant of multiple offenses charged in an Essex County indictment, including murder and vehicular homicide by

2

recklessly operating a motor vehicle, and related offenses. The trial judge sentenced defendant to an aggregate sentence of forty-four-and-one-half years in prison with a period of parole eligibility of thirty-four years.

Defendant appealed, challenging the admission of trial testimony, jury charges, causation, and sentencing, among other issues. See id. at 11-12. We affirmed defendant's convictions and sentence. Id. at 2.

In March 2013, defendant filed a timely petition for PCR, asserting trial counsel was ineffective for failing to: "assert an intoxication defense"; "adequately cross-examine and impeach witnesses"; "properly advise defendant about a plea offer"; and "preserve evidence[,]her vehicle[,]for inspection by an expert." State v. White (White II), No. A-4595-13 (App. Div. Sept. 14, 2016) (slip op. at 3). We affirmed the denial of her PCR petition. Id. at 7.

In May 2018, defendant filed a self-represented motion to correct an illegal sentence. In July 2019, a different judge denied the motion without prejudice because the motion was improperly filed.

In the Fall of 2019, defendant filed her second PCR petition and a motion requesting appointment of counsel for her second petition. In December 2021, a new PCR judge denied defendant's application but thereafter vacated the order, permitting appointment of counsel on the refiling of the second PCR.

A-3707-21

In the refiled second PCR petition, defendant mainly alleged ineffective assistance of counsel (IAC) of prior motion counsel, stating: "[m]otion counsel lacked diligence and failed to zealously represent" her; "[c]umulative [e]rrors denied [her] of the effective assistance of motion counsel"; and the application was "timely and properly filed and should be considered on the merits." In her self-represented supplemental brief, defendant additionally argued her convictions should be vacated and a new trial granted because "the trial court's instructions to [the jury] were unduly confusing and did not accurately reflect the state of [the law]" on the charges for murder and vehicular homicide; "thus[,] the sentences . . . are illegal because the verdicts are inconsistent and mutually exclusive." In support of her petition, defendant submitted a certification from one of her two trial attorneys.

After hearing argument, the PCR judge reserved decision and thereafter issued a written statement of reasons that accompanied the June 30, 2022 order denying defendant's petition. The judge accurately summarized the procedural history regarding defendant's prior PCR applications and squarely addressed the issues raised in view of the governing law. The judge succinctly addressed the timeliness of defendant's present petition and concluded:

> Here, defendant's second PCR petition was clearly untimely. Indeed, she does not assert a newly

4

recognized constitutional right, [R.] 3:22-12(a)(2)(A), or that her ineffectiveness claim is based on information or evidence that could not have been discovered earlier through the exercise of reasonable diligence. [R.] 3:22-12(a)(2)(B). Further, defendant's second PCR petition was not timely under [Rule] 3:22-12(a)(2)(C) because she does not allege IAC of her first PCR counsel and in any event, it was not filed within one year of November 30, 2016, the date the Supreme Court denied her first PCR petition.

The judge, "[f]or completeness," then addressed the issues defendant raised, finding the contentions "were previously decided in her direct appeal and her first PCR," vaguely asserted, or without merit. The judge specifically addressed defendant's IAC claims against motion counsel and the alleged resulting illegal sentence:

It is apparent that by styling this motion as one to correct an illegal sentence, defendant attempted to circumvent the limitations established in R[ule] 3:22-4(b) and R[ule] 3:22-12(a)(2), for a second PCR petition. While an order to correct an illegal sentence, "may be entered at any time," R. 3:21-10(b)(5), recasting the arguments does not permit them to be reasserted. Defendant's claims are based on substantive challenges to her convictions that were or could have been raised in her direct appeal. Absent the limited circumstances in which a second PCR petition is permitted, none of which are present here for the reasons stated above, defendant has exhausted the legal avenues for challenging the evidence supporting her convictions or the validity of the jury instructions at her trial.

5

. . . .

> Therefore, based on the facts of . . . defendant's case, where the jury found that . . . defendant drove her car at the victim with the intent to kill him and in doing so drove the vehicle in a reckless manner that resulted in the victim's death, properly supports a conviction on the vehicular charge. There is nothing inconsistent in those findings.

Finding the assertions time-barred and without merit, while noting the substantial evidence adduced at trial, the PCR judge denied the claims without an evidentiary hearing.

On appeal, defendant raises the following points for our consideration:

### POINT I

DEFENDANT'S SENTENCE WAS ILLEGAL AS IT WAS THE PRODUCT OF MUTUALLY EXCLUSIVE AND INCONSISTENT VERDICTS IN CONTRAVENTION OF N.J.S.A. 2C:11-8(a)(3).

### POINT II

AS DEFENDANT HAD SHOWN THAT SHE HAD RECEIVED INEFFECTIVE ASSISTANCE OF FIRST PCR COUNSEL AND THAT SHE HAD BEEN PREJUDICED THEREBY, THE PCR COURT ERRED BY DENYING HER SECOND PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

> (1) The interests of justice and fundamental fairness require[] relaxation of the procedural bars in this case.

6

(2) Defendant's first PCR counsel failed to properly investigate the case and present all of defendant's cognizable issues.

We affirm substantially for the reasons set forth in the PCR judge's cogent statement of reasons. We add only the following comments.

In the absence of an evidentiary hearing, on the claims defendant now raises on appeal, we "conduct a de novo review." State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (quoting State v. Harris, 181 N.J. 391, 421 (2004)).

Rule 3:22-4(b) places strict limitations on second and subsequent petitions for PCR. The Rule compels dismissal of a subsequent PCR petition unless the defendant can satisfy the time requirement under Rule 3:22-12(a)(2), and alleges the following grounds for relief:

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

7

(C) that the petition alleges a prima facie case of [IAC] that represented the defendant on the first or subsequent application for [PCR].

[R. 3:22-4(b).]

In turn, Rule 3:22-12(a)(2) imposes a time limitation for subsequent PCR petitions. Under the Rule, a second or subsequent petition for PCR must be filed within one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for [PCR] where [IAC] that represented the defendant on the first or subsequent application for [PCR] is being alleged.

[R. 3:22-12(a)(2).]

Although the time limitations are not absolute and may be waived to prevent a fundamental injustice, the Rules must be viewed in light of their dual key purposes: "to ensure . . . the passage of time does not prejudice the State's retrial of a defendant" and "'to respect the need for achieving finality.'" State v.

8

DiFrisco, 187 N.J. 156, 166-67 (2006) (quoting State v. Mitchell, 126 N.J. 565, 576 (1992)).  However, the Rule makes it clear that this relaxation rule only applies to first PCR petitions, not to second or subsequent ones.  See R. 3:22-12(b); Jackson, 454 N.J. Super. at 293; see also R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12).

Here, we denied defendant's first PCR appeal in September 2016, White II, slip op. at 1.  Yet, defendant did not file her second petition until 2019.  Defendant acknowledged her second petition was untimely.  We are unpersuaded by defendant's argument that her claims should not be "dismissed out of hand based on procedural technicalities."

We conclude, as did the PCR judge in his cogent written decision, that defendant's present petition was time-barred.  See R. 3:22-12(a)(2)(B).  Additionally, the PCR judge correctly recognized, Rule 3:22-5 bars defendant's contentions against trial counsel, which were previously decided.  Rule 3:22-5 provides:  "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal taken from such proceedings."  A PCR petition is not "an opportunity to

relitigate cases already decided on the merits." State v. Preciose, 129 N.J. 451, 459 (App. Div. 1999).

Although we agree defendant's second PCR petition is untimely, for the sake of completeness, we address defendant's illegal sentence contention. It is clear a sentencing error may be corrected at any time before the sentence is completed and "relief may be granted to a PCR applicant based on the '[i]mposition of [a] sentence in excess of or otherwise not in accordance with the sentence authorized by law.'" State v. Murray, 162 N.J. 240, 246 (2000) (alterations in original) (quoting R. 3:22-2(c)). Our Supreme Court has recognized "th[e] two [discrete] categories of illegal sentences have been 'defined narrowly.'" State v. Hyland, 238 N.J. 135, 145 (2019) (quoting Murray, 162 N.J. at 246).

Defendant argues her sentence "was illegal," and the "sentences should not have been imposed" for murder and vehicular homicide because the convictions resulted from "conflicting verdicts" and were "mutually exclusive." We conclude, as did the PCR judge that defendant's contention that the trial judge failed "to instruct the jury that it must find one or the other states-of-mind but not both and then apply the facts to determine what crime, if any, was committed by defendant" is without merit. Defendant was convicted of the

separate and distinct charges of: murder, first-degree vehicular homicide, and second-degree vehicular homicide. Defendant does not dispute the jury was instructed on the required elements for each offense but argues "a defendant may [not] be convicted of different offenses requiring different states-of-mind." As the PCR judge correctly noted, "the jury instructions were held adequate on direct appeal and reframing the argument here does not preclude the substantive bar to issues previously decided." Again, defendant has not alleged an illegal sentence because her sentence was neither excessive nor unauthorized by law.

Defendant has not cited, nor has our research revealed, any authority for her contention that N.J.S.A. 2C:1-8(a) provides "a defendant may [not] be convicted of two different offenses requiring different states-of-mind." N.J.S.A. 2C:1-8(a) also provides: "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each offense[,]" unless certain exceptions apply. None is applicable here.

Further, defendant's convictions were not based on "[i]nconsistent findings of fact . . . required to establish the commission of the offenses." See N.J.S.A. 2C:1-8(a)(3). Simply because the charged offenses have different requisite states of mind does not make them mutually exclusive. A defendant may be convicted of separate offenses with separate elements, including

11

different states of mind. See N.J.S.A. 2C:2-2(c)(2) ("When the law provides that a particular kind of culpability suffices to establish an element of an offense such element is also established if a person acts with higher kind of culpability"). As the PCR judge correctly found, defendant has recast her prior arguments posited in her direct appeal as an alleged illegal sentence. We are unpersuaded and see no reason to disturb the PCR judge's well-reasoned decision.

We also reject defendant's claims, raised for the first time on appeal, that her first and second PCR counsel were ineffective in their representation. Defendant argues first PCR counsel neglected to "investigate and timely raise all of her cognizable claims" and specifically failed to: "inform her she must file a second PCR within one year"; raise "why trial counsel failed to investigate and advance a Battered Women Syndrome defense"; interview her second trial counsel; investigate trial counsel's inadequate preparation and examination of the "defense accident reconstructionist expert"; and examine why "trial counsel failed to engage with defendant." As defendant raised or could have raised these issues in her prior applications, they are barred under Rule 3:22-12(a)(2)(C).

Finally, defendant's contention that second PCR counsel was ineffective for failing to argue her first PCR attorney was ineffective is equally unavailing. As defendant indirectly acknowledges, her IAC claims against first PCR

12

attorney are raised for the first time on this appeal. As such, those claims are barred under <u>Rule</u> 3:22-12(a)(2)(C).

To the extent we have not addressed defendant's remaining arguments, we determine they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13