**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1618-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TROY SWINT,

    Defendant-Appellant.

_____

Submitted June 16, 2025 – Decided July 24, 2025

Before Judges Mawla and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 91-03-1495 and 91-11-4664.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Hannah Faye Kurt, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Troy Swint appeals from the denial of his petition for post-conviction relief (PCR) based on ineffective assistance of counsel without a hearing. Judge Jennifer Critchley denied defendant's petition in a written decision accompanying her order of December 7, 2023.

On appeal, defendant asserts the following points:

POINT I

DEFENDANT'S PETITION FOR PCR WAS NOT TIME BARRED BECAUSE HE FILED A PETITION TO CORRECT AN ILLEGAL SENTENCE AND ESTABLISHED EXCUSABLE NEGLECT FOR THE FILING OF A PCR PETITION MORE THAN FIVE YEARS FROM THE DATE OF THE JUDGMENT OF CONVICTION.

POINT II

AN ORDER SHOULD BE ENTERED AUTHORIZING DEFENDANT TO FILE AN OUT-OF-TIME NOTICE OF APPEAL FOR INDICTMENTS 91-03-1495 AND 91-11-4664.

POINT III

AS DEFENDANT HAS ESTABLISHED THAT TRIAL COUNSEL PROVIDED INEFFECTICVE LEGAL REPRESENTATION, HE WAS ENTITLED TO [PCR].

A. THE PCR COURT'S LEGAL CONCLUSION THAT TRIAL COUNSEL FOR INDICTMENTS 91-

2

A-1618-23

03-1495 AND 91-11-4664 WAS NOT INEFFECTIVE FOR FAILING TO INFORM DEFENDANT ABOUT HIS RIGHT TO FILE A DIRECT APPEAL AND PCR PETITION WAS ERRONEOUS AND SHOULD BE REVERSED.

B.   THE PCR COURT'S LEGAL CONCLUSION THAT TRIAL COUNSEL FOR INDICTMENTS 91-03-1495 AND 91-11-4664 WAS NOT INEFFECTIVE AND THAT DEFENDANT DID NOT ENTER INTO A PLEA AGREEMENT FOR AN ILLEGAL SENTENCE WAS ERRONEOUS AND SHOULD BE REVERSED.

Unpersuaded by defendant's contentions, we affirm substantially for the reasons stated in Judge Critchley's thorough and well-written decision. We add the following comments.

I.

In 1991, defendant was charged under Indictment No. 91-03-1495 with the following offenses: first-degree attempted murder; two counts of second-degree aggravated assault; third-degree unlawful possession of a weapon; and second-degree possession of a weapon for an unlawful purpose. In August 1991, while on pretrial release, defendant was arrested for separate offenses and charged under Indictment No. 91-11-4664 with third-degree distribution of a controlled dangerous substance (CDS), cocaine; and third-degree distribution of a CDS within 1,000 feet of school property.

3

In January 1992, defendant entered into a global plea agreement on both indictments, which recommended an aggregate prison term of seven-years with three years parole ineligibility. The plea agreement included a State recommendation that the sentences on both indictments would run concurrently.

Thereafter, defendant pled guilty to Indictment No. 91-03-1495 to both counts of aggravated assault and for possession of a weapon for an unlawful purpose. He further pled guilty to Indictment No. 91-11-4664 for distribution of a CDS within 1,000 feet of school property. That same month, defendant was sentenced to seven years with three years of parole ineligibility for his plea to the counts of Indictment No. 91-03-1495. Defendant was also sentenced to four years with three years of parole ineligibility under Indictment No. 91-11-4664. The court ordered this sentence to run concurrently with the sentence imposed in Indictment No. 91-03-1495 pursuant to the recommended plea agreement. No appeal was filed.

In 1996, after his release, defendant was arrested on charges under Indictment No. 96-10-3475 and charged with: conspiracy to commit kidnapping; aggravated assault and/or murder, all crimes of the second degree; first-degree kidnapping; first-degree attempted murder; second-degree burglary; fourth-degree unlawful possession of a weapon under circumstances not

4

manifestly appropriate for such lawful uses; third-degree possession of a weapon for unlawful purposes-sharp instrument; third-degree unlawful possession of a weapon, handgun; and second-degree possession of a weapon for unlawful purposes, handgun.

Defendant was tried before a jury, and on March 5, 1998, was convicted of first-degree kidnapping; first-degree attempted murder; third-degree possession of a weapon for unlawful purposes, sharp instrument; and second-degree possession of a weapon for unlawful purposes, handgun. He was sentenced on April 3. The State requested that a mandatory extended term be imposed because defendant's prior convictions under Indictment No. 91-03-1495 and Indictment No. 91-11-4664 included Graves Act offenses, N.J.S.A. 2C:43-6(c). The court sentenced defendant to life with twenty years of parole ineligibility for the first-degree kidnapping conviction. Additionally, defendant was sentenced to twenty years with ten years of parole ineligibility for first-degree attempted murder, with another mandatory extended term imposed. The convictions for the two remaining counts were merged into the two above convictions. Both sentences were ordered to run consecutively.

Defendant appealed from his sentence, and we remanded with instructions that a twenty-five-year parole disqualifier must be imposed on the kidnapping

5

conviction because defendant was a Graves Act offender and the sentence on the attempted murder conviction must be adjusted. State v. Swint, 328 N.J. Super. 236, 262-63 (App. Div. 2000). On March 3, 2000, defendant was re-sentenced to an extended term of life with twenty-five years parole ineligibility for the possession of a weapon for unlawful purposes and fifteen years with five years parole ineligibility on the attempted murder. Consequently, defendant received an identical aggregate sentence of life with thirty years of parole ineligibility.

On March 28, 2023 defendant filed his petition for PCR. The judge denied defendant's petition as procedurally time-barred under Rule 3:22-12(a) and also denied the petition on the merits under the two-part test of Strickland v. Washington.[1]

II.

Rule 3:22-12(a) sets forth certain time limitations for the filing of PCR petitions. The Rule states in pertinent part:

(a) General Time Limitations.

(1) First Petition For [PCR]. Except as provided in paragraphs (a)(2), (a)(3), and (a)(4) of this rule, no petition shall be filed pursuant to this rule more than

---

[1] 466 U.S. 668 (1984).

[five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless:

> (A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice . . . .

To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, 466 U.S. at 668, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). Under Strickland, a defendant first must show that their attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "f[alls] below an objective standard of reasonableness." Id. at 688. "To satisfy prong one, [a defendant has] to 'overcome a "strong presumption" that counsel exercised "reasonable professional judgment" and "sound trial strategy" in fulfilling his responsibilities.'" State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). "[I]f counsel makes a thorough investigation of the law and facts and considers all likely

7

options, counsel's trial strategy is 'virtually unchallengeable.'" Ibid. (alteration in original) (quoting State v. Chew, 179 N.J. 186, 217 (2004)).

Under the second prong of Strickland, "a defendant 'must show that the deficient performance prejudiced the defense.'" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Gideon, 244 N.J. 538, 550-51 (2021) (alteration in original) (quoting Strickland, 466 U.S. at 694).

Short of obtaining immediate relief, a defendant may show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance of counsel claim. State v. Preciose, 129 N.J. 451, 462-63 (1992). Rule 3:22-10(b) provides that

> [a] defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.

[State v. Porter, 216 N.J. 343, 354 (2013) (alterations in original) (quoting R. 3:22-10(b)).]

## III.

### A.

In her written decision, the judge determined that the petition was "procedurally barred" pursuant to Rule 3:22-12(a)(1), finding "a first PCR shall not be filed 'more than [five] years after the date of entry' of the judgment of conviction being challenged." The judge pointed out that defendant was convicted on March 5, 1998, and his PCR petition was filed on March 28, 2023, "[thirty-one] years after imposition of the sentence at issue." The judge also found there were "no exceptional circumstances that warrant relaxation of the time bar." She also concluded that "witness availability is at best, difficult to ascertain. Moreover, any available witness[es]' ability to recall events would likely be compromised given [the] passage of time," and "the State's ability to try the case would be greatly impaired."

The judge also determined that defendant "fail[ed] to demonstrate that the extent and cause of the delay in filing outweighs enforcement of the time bar," and "there are no newly uncovered facts or circumstances regarding plea negotiations that are cited by [defendant] to justify the delay. Moreover, [she]

9

was unable to conclude that [defendant] was unaware until this PCR was filed of his rights to file an appeal," referencing "all the prior challenges he filed with the Appellate Division." She concluded defendant "is clearly familiar with the appellate process."

On appeal, defendant first contends because his sentence was illegal, it is not subject to the five-year filing requirement of Rule 3:22-12(a)(1). The judge determined that defendant's claim of ineffective assistance of counsel was "primarily based on the argument that trial counsel erred in allowing [defendant] to plead guilty . . . [to] concurrent sentences, rather than consecutive [sentences]." Her decision cited N.J.S.A. 2C:44-5(h), which defendant relied upon. The statute requires that when a defendant commits an offense while on release, any sentence of imprisonment shall run consecutively unless the court finds that the imposition of consecutive sentences would be a "serious injustice." Ibid. The judge observed "subsection (h) read differently at the time of [defendant's] sentence in 1992 [as the] requirement for a finding of 'serious injustice' was added in June 1993."

Based on this fact, the judge found "[t]here was no requirement . . . to make any finding regarding serious injustice" in 1992 at the time of defendant's sentence because that portion of the statute had not been adopted. Furthermore,

10

trial counsel was not ineffective by recommending defendant plead to a concurrent sentence because he would serve much less time. The judge also found that defendant's argument based on "legislative intent" had no merit because the Legislature clearly set an effective date for the statute, which was after defendant's sentencing and did not apply it retroactively.

"There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019). With this in mind, we conclude the judge was correct in finding defendant failed to establish grounds to support his sentence was illegal. His sentence was not illegal because it did not exceed the penalties for his offense and was authorized under N.J.S.A. 2C:44-5(h) at the time it was entered in 1992. The judge's reasoning was factually and legally sound in finding that the statute should not be applied retroactively. Further, we conclude defendant's "legislative intent" argument does not provide a legal basis to change the effective date of the statute. Defendant failed to overcome the five year filing limitation of Rule 3:22-12(a)(1) because his sentence was not illegal.

B.

We next address defendant's argument that he showed "excusable neglect" for failing to file a timely PCR petition because his trial counsel failed to "file a timely appeal" or advise him of his "right to file . . . a [PCR] petition."  Our opinion in defendant's most recent appeal outlined the number of motions and appeals filed by defendant from Indictment No. 96-10-3475 prior to the plea, which was the subject of his PCR petition.  We explained:

> [After his direct appeal,] Swint has since filed numerous unsuccessful applications alleging his sentence is illegal:  (1) an appeal from a January 8, 2007 decision denying his motion to correct an illegal sentence, which we affirmed in an unpublished opinion on July 9, 2009, State v. Swint, No. A-2850-06 (App. Div. July 9, 2009); (2) another motion to correct an illegal sentence, which was denied on March 13, 2019, was denied reconsideration on May 13, 2019, and affirmed in an unpublished opinion on June 15, 2020, State v. Swint, No. A-5329-18 (App. Div. June 15, 2020); and (3) another motion to correct an illegal sentence on July 30, 2021, which was denied on December 14, 2021, because the arguments presented were already addressed in [our June 15, 2020 opinion,] and the trial court refused to disturb its prior finding already affirmed on appeal.
>
> [State v. Swint, No. A-3433-22 (App. Div. March 19, 2025) (slip op. at 3-4)].

12

Additionally, defendant filed a petition for PCR from his convictions on the same indictment in or about 2008, after he was re-sentenced. The PCR court denied his petition, and we affirmed on appeal. State v. Swint, No. A-5545-05 (App. Div. July 30, 2008).

As the judge here correctly found, defendant was fully familiar with the appeal process as shown by his timely filing of a direct appeal and several timely appeals challenging his sentence from Indictment 96-10-3475. All of which were filed prior to his current PCR petition on appeal. Defendant's current PCR petition failed to assert that he had requested or instructed trial counsel to file an appeal.

Concerning defendant's claim of ineffective assistance based on counsel's failure to advise him of his right to file for PCR, we note that this issue was raised through an assertion in defendant's certification submitted with his PCR petition with no corroborative proofs. Regardless, defendant was fully aware of his right to file for PCR as early as 2008, since he had already filed for PCR concerning the convictions on his subsequent indictments. Defendant's current petition was filed over five years after the date we affirmed the denial of his first PCR petition from his subsequent convictions in the other indictment.

A-1618-23

Therefore, the filing of his PCR petition in March 2023 was more than five years after 2008, when he clearly became aware of his right to file for PCR, and is time barred under Rule 3:22-12(a)(1). We conclude, under the foregoing circumstances, defendant failed to show excusable neglect.

In addition, the judge addressed and rejected the basis of his PCR petition—that his sentence was illegal—on the merits. Therefore, defendant was not prejudiced, even if his bald assertion that trial counsel failed to advise him of his right to file for PCR was correct.

## C.

We also conclude Judge Critchley's findings supporting her denial of defendant's PCR petition on its merits were unassailable. Defendant failed to satisfy the first prong of <u>Stickland</u> because his sentence was not illegal. Therefore, counsel's advice to plead guilty to a concurrent sentence rather than a consecutive sentence was in accordance with the controlling statute at the time of the plea and was not ineffective assistance.

The judge also correctly concluded that defendant failed to satisfy the second prong of <u>Strickland</u> because he was not prejudiced by "receiving a concurrent, rather than consecutive sentences." The concurrent sentence imposed benefitted defendant with a significant reduction in the length of his

14

sentence. Tellingly, neither PCR counsel nor defendant were able to explain how defendant was prejudiced by the concurrent sentence when asked by the judge at oral argument.

Additionally, because we conclude there were no material issues of disputed fact that could not be resolved by reference to the existing record, the judge's determination that an evidentiary hearing was unnecessary was not error.

To the extent we have not specifically addressed any of defendant's remaining legal arguments we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

15