**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2481-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PABLO ANTONIO ACEVEDO,
a/k/a ERIC RUIZ,

    Defendant-Appellant.

_____

Submitted October 7, 2025 – Decided October 20, 2025

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 06-10-1443.

Pablo Acevedo, appellant pro se.

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Pablo Acevedo appeals from a February 16, 2024 Law Division order denying his motion to correct an illegal sentence. We affirm.

I.

We incorporate the facts and procedural history set forth in our prior unpublished opinion affirming defendant's convictions and sentence but remanding for issues regarding parole and restitution, State v. Acevedo (Acevedo I), No. A-3861-07 (App. Div. April 25, 2011) (slip op. at 28), certif. denied, 208 N.J. 369 (2011), and our decisions affirming the denial of defendant's petitions for post-conviction relief, State v. Acevedo (Acevedo II), No. A-0304-15 (App. Div. May 10, 2017), certif. denied, 231 N.J. 203 (2017). We briefly summarize the facts to lend context to the present appeal.

On October 14, 2004, Officer Richard Rodgers of the Willingboro Township Police Department responded to an alarm at United Check Cashing Service, whereupon he was shot by defendant's co-conspirator during the commission of a burglary and robbery in which defendant participated. Acevedo I, slip op. at 3. Defendant was apprehended in New York during the commission of another burglary and charged in New Jersey with multiple offenses. Acevedo II, slip op. at 5.

2

Following a jury trial, defendant was found guilty of second-degree conspiracy, N.J.S.A. 2C:5-2(a)(1); two counts of second-degree burglary, N.J.S.A. 2C:18-2(a)(1); two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). Acevedo I, slip op. at 1-2. The jury acquitted defendant of first-degree criminal attempted murder, N.J.S.A. 2C:5-1, 2C:11-3(a)(1). Ibid.

At sentencing on October 12, 2007, the court found aggravating factors one, two, three, six, eight, and nine, and no mitigating factors. Id. at 20-21. On the first-degree robbery, the court, after merging counts, imposed a term of twenty years in prison subject to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. Id. at 2. The court also imposed a ten-year NERA sentence on the second-degree burglary, to be served consecutively, resulting in an aggregate thirty-year NERA period of incarceration. Ibid. The court reasoned:

> There is no worse crime than shooting a law enforcement officer. Once that type of crime is permitted, society has no legal boundaries. No legal limitations. Lawlessness of that nature cannot be tolerated and you shall be sentenced to the maximum sentence as permitted by law based upon the jury's verdict.

3

. . . .

> On count three, the second-degree charge of the burglary of United Check Cashing Service, there are clearly two separate victims in this case, Officer Rodgers is one victim and the United Check Cashing Service is another victim. A consecutive sentence must be imposed under this factual circumstance. New Jersey's jurisprudence looks to the nature of the crimes with overwhelming principle being that there are no free crimes.

After defendant exhausted his state appeals, he then filed for a writ of habeas corpus in the United States District Court for the District of New Jersey, which was dismissed—as untimely—with prejudice and without a certificate of appealability. Acevedo v. Nogan, No. 17-12892, 2021 U.S. Dist. LEXIS 132009 (D.N.J. July 15, 2021). On December 7, 2021, defendant's appeal of the denial of his habeas corpus was denied by the United States Court of Appeals for the Third Circuit. Acevedo v. Adm'r E.N.J. State Prison, No. 21-2499 (3d Cir. Dec.7, 2021).

In 2023, defendant moved to correct what he claimed was an illegal sentence, arguing misapplication of State v. Yarbough, 100 N.J. 627 (1985), failure to articulate the fairness of the sentence, especially in light of State v. Torres, 246 N.J. 246 (2021), and double counting. The Law Division denied defendant's application, finding no illegal sentence was imposed.

A-2481-23

In his appeal, defendant raises one point for our consideration:

> THE LAW DIVISION ERRED IN CONCLUDING THAT THE CONSECUTIVE SENTENCE IS LEGAL EVEN THOUGH IT DOES NOT COMPORT WITH STATE V. YARBOUGH, 100 N.J. 627 (1985) AND STATE V. TORRES, 246 N.J. 254 (2021).

## II.

It is axiomatic that a defendant may move to correct an illegal sentence at any time. R. 3:21-10(b)(5); State v. Schubert, 212 N.J. 295, 309 (2012). An illegal sentence is one that "exceed[s] the penalties authorized by statute for a specific offense, and those that are not authorized by law." Id. at 308. Those two categories of illegal sentences have been "'defined narrowly.'" State v. Hyland, 238 N.J. 135, 145 (2019) (quoting State v. Murray, 162 N.J. 240, 246 (2000)).

Arguments that the imposition of consecutive sentences violate the Yarbough guidelines "have historically been characterized as relating to the 'excessiveness' of the sentences, rather than their legality." State v. Flores, 228 N.J. Super. 586, 596 (App. Div. 1988). The mere excessiveness of a sentence otherwise within authorized limits, as distinct from illegality, can only be raised on direct appeal from the conviction. State v. Acevedo, 205 N.J. 40, 44 (2011).

Where a sentence is challenged as illegal, reviewing courts analyze whether the sentencing court violated sentencing guidelines or legislative policy. State v. Robinson, 217 N.J. 594, 603-04 (2014) (citing State v. Roth, 95 N.J. 334, 364-65 (1984)). The legality of a defendant's sentence is a question of law subject to de novo review. State v. Steingraber, 465 N.J. Super. 322, 327-28 (App. Div. 2020).

III.

Defendant's sentence is not one that exceed[s] the penalties authorized by statute that requires correction under R. 3:21-10(b)(5). To begin, N.J.S.A. 2C:43-6 stipulates sentences between ten and twenty years for first degree crimes and sentences between five and ten years for second degree crimes. Accordingly, defendant's twenty-year sentence for first-degree robbery and consecutive ten-year sentence for second-degree burglary falls within the authorized statutory limits. Notably, imposing consecutive sentences—within the authorized sentencing range—is not illegal. See State v. Flores, 228 N.J. Super. 586, 596 (App. Div. 1988) (holding claims for excessive sentences, based on the imposition of consecutive sentences, "[do] not relate to the legality of the sentence imposed").

6

Defendant also claims his sentencing was illegal because the sentencing court violated sentencing guidelines by conducting an incorrect application of the Yarbough factors. He contends the court determined it must give consecutive sentences and in the absence of separate acts of violence or distinct criminal episodes, the no free crimes element is insufficient to warrant a consecutive sentence because "otherwise every sentence would be presumed as consecutive." This assertion is not supported by the record.

On direct appeal, we previously considered the propriety of the consecutive nature of the sentences, concluding:

> We agree with the sentencing judge that the seriousness of defendant's actions and his conviction of robbery, which included the aggravated assault upon Officer Rodgers, coupled with conviction of burglary on [the victim] support the two consecutive sentences. In light of Yarbough, the trial judge was not in error since he made it clear that the two offenses involved two separate victims, the sentence was fair for the crime and that there are no "free" crimes.
>
> [Acevedo I at 22-24.]

Accordingly, defendant's claim does not present a cognizable ground for relief on a motion to correct an illegal sentence but rather challenges the exercise of judicial discretion—already determined lawful. Defendant is thus barred from any further appeal of his sentence. See R. 3:22-5 (A prior adjudication

7

upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.)

Defendant also argues that because the trial court failed to provide a specific reference about the overall fairness of the sentence under Torres, that it was, therefore, illegal.  The Court in Torres did not create a new rule of law, and therefore retroactivity is not applicable.  State v. Feal, 194 N.J. 293, 307 (2008); State v. Burstein, 85 N.J. 394, 403 (1981) (stating "retroactivity can arise only where there has been a departure from existing law").

In Torres, our Supreme Court explained:

> [S]entencing is a holistic endeavor.  A court performing the Yarbough fairness assessment must be mindful that aggravating and mitigating factors and Yarbough factors, as well as the stated purposes of sentencing in N.J.S.A. 2C:1-2(b), in their totality, inform the sentence's fairness.  All are relevant to the overall fairness of the aggregate sentence imposed on the sole defendant before the court.
>
> [246 N.J. at 272.]

We are satisfied the sentencing court painstakingly fashioned defendant's sentence guided by the very sentencing principles amplified by the Torres Court. The sentence imposed does not threaten the limits of New Jersey law; it respects

8

the legislative judgment, heeds the lessons of precedent, and honors fairness to the victims.

Defendant's remaining arguments regarding double counting and the finding of aggravating and mitigating factors lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2481-23