**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0090-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS PARKER,

    Defendant-Appellant.

_____

        Submitted January 13, 2026 – Decided March 6, 2026

        Before Judges Rose and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 93-04-1390.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the briefs).

        Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the briefs).

        Appellant filed a brief on his own behalf.

PER CURIAM

Defendant Thomas Parker appeals from an August 14, 2023 Law Division order denying his motion to correct an illegal sentence, raising the following points for our consideration:

POINT I

DEFENDANT'S SENTENCE, WHICH WAS IMPOSED WITHOUT CONSIDERATION THAT HE WAS AN 18-YEAR-OLD "LATE ADOLESCENT" AT THE TIME OF THE OFFENSES, IS CRUEL AND UNUSUAL PUNISHMENT. THE ROBUST AND WELL-ESTABLISHED PSYCHOLOGICAL SCIENCE SHOWS THAT THE LAW'S HEIGHTENED PROTECTIONS WHEN SENTENCING JUVENILES SHOULD ALSO APPLY TO PERSONS AGED 18 TO 20. THEREFORE, AND BECAUSE DEFENDANT HAS SERVED WELL OVER 20 YEARS, THIS COURT SHOULD REMAND FOR RESENTENCING RATHER THAN IGNORE THE SCIENCE.

A. Juveniles Are Different When It Comes to Sentencing.

B. Late Adolescents Aged 18-20 Are Also Different When It Comes To Sentencing.

C. Because Defendant Has Overcome the Threshold Hurdle That He is Entitled to a Review of His Sentence, There Must Be a Resentencing At Which the Trial Court Considers the Five Miller[1] Factors and Additional Evidence Relevant to Sentencing. The Motion Court Was Wrong That It Could Not Consider

---

[1] Miller v. Alabama, 567 U.S. 460.

a <u>Comer</u>[2] Hearing Based on the Record and the 1993 Sentencing Court Did Not Consider Defendant's Youth When It Imposed a Life Sentence with 45 Years of Parole Ineligibility.

1. Defendant Deserves a Resentencing.

2. In Addition to Reviewing the <u>Miller</u> Factors, the Resentencing Court Must Reweigh Aggravating and Mitigating Factors, Reconsider the Imposition of Consecutive Sentences, and View Defendant, Including His Rehabilitative Efforts, as He Stands Now.

## POINT II

THE SENTENCING AND MOTION COURTS FAILED TO APPRECIATE THAT DEFENDANT HAD A "TWICE DIMINISHED CAPACITY" BECAUSE HIS ONLY HOMICIDE CONVICTION WAS FOR FELONY MURDER.
[(Not raised below)].

## POINT III

FUNDAMENTAL FAIRNESS ALSO REQUIRES A RESENTENCING BECAUSE THE 1993 SENTENCING COURT ENHANCED DEFENDANT'S SENTENCE FOR CONDUCT AS TO WHICH THE JURY FOUND HIM NOT GUILTY, NAMELY PURPOSEFUL MURDER.
[(Not raised below)].

In his self-represented brief, defendant raises two additional points which we renumber for the reader's convenience:

---

2  <u>State v. Comer</u>, 249 N.J. 359 (2022).

[POINT IV]

THE SENTENCING COURT FAILED TO MAKE AN EXPLICIT STATEMENT CONSIDERING THE OVERALL FAIRNESS OF THE CONSECUTIVE SENTENCES BEING IM[PO]SED AS REQUIRED BY N.J.S.A. 2C:1-2, STATE V. YARBOUGH, 100 N.J. 627[ (1]985), AND STATE V. TORRES, 246 N.J. 246 (2021), IN VIOLATION OF DEFENDANT'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS, THEREFORE THE DEFENDANT SHOULD BE RESENTENCED A[]NEW AND N.J.S.A. 2C:44-l(b)(14) WILL APPLY. STATE V. LANE, 251 N.J. 84 (2022).

[POINT V]

THE MOTION JUDGE'S REJECTION OF [DEFENDANT]'S CLAIM THAT THE SENTENCING JUDGE "DOUBLE COUNTED" THE FELONY MURDER CONVICTION AS AN AGGRAVATING FACTOR IS ERRONEOUS AND SHOULD BE REVERSED IN LIGHT OF, STATE V. FUENTES, 217 N.J. 57 (2014), N.J.S.A. 2C:44-l(a)(l), AND . . . YARBOUGH . . . .

In his counseled reply brief, defendant asserts:

[POINT VI]

THIS COURT SHOULD NOT APPLY STATE v. JONES, 478 N.J. SUPER. 532 (2024), TO DENY DEFENDANT RELIEF BECAUSE THIS COURT IN JONES DID NOT REACH THE MERITS OF EXTENDING THE PROTECTIONS OF . . . COMER, . . . TO "LATE ADOLESCENTS" NOR DID IT DISPUTE THAT "LATE ADOLESCENTS" SHARE THE "MITIGATING QUALITIES OF YOUTH" WITH JUVENILES.

4

We reject defendant's contentions and affirm.

I.

In 1993, a jury convicted defendant of felony murder, conspiracy to commit robbery, four counts of robbery, weapons offenses, and related crimes for his participation in four violent robberies, culminating in the death of twenty-two-year-old Bunny Burt. The robbery spree occurred during the early morning of January 16, 1993, in Newark, East Orange, and Irvington. Defendant was eighteen years old at the time of the incidents as was his co-defendant, Rashon Barkley; the third co-defendant, John Florence, was nineteen. Defendant was sentenced to an aggregate prison term of life plus thirty years with a forty-five-year parole disqualifier.

We affirmed defendant's convictions and sentence in an unpublished decision. State v. Parker, No. A-6493-93 (App. Div. Feb. 10, 1997) (slip op. at 5-6). Defendant then filed a series of unsuccessful petitions for post-conviction relief (PCR). See State v. Parker, No. A-5455-99 (App Div. July 2, 2002) (affirming the denial of defendant's first PCR petition); State v. Barkley,[3] No. A-2462-05 (App. Div. Aug. 26, 2008) (affirming the denial of defendant's

---

[3]  Defendant's appeal was calendared back-to-back and consolidated with Barkley's appeal.

A-0090-23

second PCR petition); <u>State v. Parker</u>, No. A-2582-11 (App. Div. Mar. 12, 2013) (affirming the denial of defendant's third PCR petition).

On November 1, 2022, defendant filed the present self-represented motion to correct an illegal sentence and thereafter was appointed counsel. <u>See</u> <u>R.</u> 3:21-10(c). Defendant argued: (1) as a youthful offender, he was entitled to resentencing under the twenty-year "lookback" provision for juvenile offenders pursuant to our Supreme Court's decision in <u>Comer</u>; (2) the sentencing court "failed to consider the overall fairness of running the multiple sentences concurrently" under <u>Torres</u>; and (3) the sentencing court double counted his felony murder conviction when finding aggravating factor one, N.J.S.A. 2C:44-1(a)(1) (the offense involved particular depravity and cruelty). Defendant sought a remand for resentencing.

On August 14, 2023, the motion judge, who had no prior involvement in defendant's matters, issued a cogent written decision and memorializing order denying defendant's motion. The judge squarely addressed the issues raised in view of the governing law as of the date of his decision and his thorough review of the sentencing transcript.

The motion judge first addressed defendant's double-counting argument. The judge noted the sentencing court found the circumstances surrounding

A-0090-23

Burt's death – not the murder itself – were "heinous, cruel, and depraved" because "Burt was targeted, followed, and threatened with a gun." The motion judge also credited the State's argument that defendant's double-counting argument equated to an excessive sentencing argument and, as such, defendant's argument should have been raised on direct appeal under State v. Hess, 207 N.J. 123, 145 (2011). The judge next determined the sentencing court adequately explained its reasons for imposing a consecutive sentence, satisfying the Court's decisions in Torres and Yarbough. Lastly, recognizing the Court's decision in Comer applies only to juvenile offenders, the judge found, because defendant was an adult when he committed the offenses, he was not entitled to resentencing.

## II.

"We review the legality of a sentence de novo." Jones, 478 N.J. Super. at 541 (quoting State v. Steingraber, 465 N.J. Super. 322, 327 (App. Div. 2020)). "If a defendant's sentence is illegal, a reviewing court must remand for resentencing." Steingraber, 465 N.J. Super. at 327.

"There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019). "Those two categories of

7

illegal sentences have been 'defined narrowly.'" Ibid. (quoting State v. Murray, 162 N.J. 240, 246 (2000)). "A sentence that is 'not imposed in accordance with law' 'includes a sentence imposed without regard to some constitutional safeguard.'" Jones, 478 N.J. Super. at 540 (quoting State v. Zuber, 227 N.J. 422, 437 (2017)) (internal quotation marks omitted). There is no temporal limit on a court's ability to review an illegal sentence; "it may be corrected at any time before it is completed." Murray, 162 N.J. at 247; see also R. 3:21-10(b)(5). "If a defendant's sentence is illegal, a reviewing court must remand for resentencing." Steingraber, 465 N.J. Super. at 328 (citing State v. Romero, 191 N.J. 59, 80-81 (2007)).

We have considered defendant's reprised contentions raised in points I, IV, and V, and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add only the following brief remarks.

Nine months after the motion judge issued his decision, we decided Jones, and addressed whether the Court's decision in Comer, 249 N.J. at 403 – permitting "[j]uvenile offenders sentenced under the [homicide] statute to petition for a review of their sentence after having spent 20 years in jail," – extended to youthful offenders, 478 N.J. Super. at 534-35. Similar to defendant in the present matter, each of the three defendants in Jones sought resentencing,

arguing the Comer sentencing review procedure "should extend to youthful offenders between the ages of eighteen and twenty when they committed their offenses," ibid., because "developmental science recognizes no meaningful cognitive differences between juveniles and young adults," id. at 542.

We rejected the defendants' arguments, expressly holding "the Court's decision was limited to juvenile offenders tried and convicted of murder in adult court." Id. at 549;[4] see also State v. Ryan, 249 N.J. 581, 600 n.10 (2022) (recognizing "[t]he Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing"); N.J.S.A. 2A:4A-22(a) (defining a juvenile as an individual "under the age of [eighteen] years"); N.J.S.A. 2A:4A-22(b) (defining an adult as "an individual [eighteen] years of age or older").

We reach the same conclusion in this case. Perceiving no basis to deviate from our opinion in Jones, because defendant was eighteen years old when he committed felony murder, we reject his request for resentencing.[5]

_____

[4] The Court denied certification. State v. Jones, 259 N.J. 304, 259 N.J. 314, and 259 N.J. 315 (2024).

[5] We rejected similar arguments raised by Barkley and Florence in separate unpublished opinions. State v. Barkley, No. A-2505-21 (App. Div. Nov. 16, 2023) (slip op. at 7-8), certif. denied, 256 N.J. 517 (2024); State v. Florence, No. A-0858-23 (App. Div. Nov. 21, 2025) (slip op. at 7-9). Thereafter, their sentences were commuted and they were released from prison. Press Release,

Little need be said about defendant's belated argument raised in point II. Because defendant did not assert the issue before the motion judge, his contentions are inappropriate for our review. "For sound jurisprudential reasons, with few exceptions," State v. Witt, 223 N.J. 409, 419 (2015), which are inapplicable here, "appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available," State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

For the sake of completeness, however, we have considered defendant's contention that he "was less culpable not only by virtue of his status as a late adolescent[,] but also because his only homicide conviction was for felony murder." To support his argument, defendant cites the following portion of the Court's decision in Comer:

> In the case of felony murder, "a juvenile offender who did not kill or intend to kill has a twice diminished moral culpability." Graham [v. Florida], 560 U.S. [48,] 69 [(2010)]. Under the felony-murder doctrine, a

Off. of the Governor, Governor Murphy Announces Pardons and Commutations for 93 Individuals in Second Round of Clemency Actions, at 5 (Apr. 8, 2025) (on file with N.J. State Library) (acknowledging the commutation of Barkley's sentence); Press Release, Off. of the Governor, In Sixth Round of Clemency Actions, Governor Murphy Announces Pardons and Commutations for 55 Individuals, at 4 (Nov. 25, 2025) (on file with N.J. State Library) (acknowledging the commutation of Florence's sentence).

A-0090-23

"death caused in the course of a felony [is attributed] to all participants who intended to commit the felony, regardless of whether they killed or intended to kill." Miller, 567 U.S. at 491 (Breyer, J., concurring). Yet some of the hallmark characteristics of young adults -- like rash behavior and an inability to appreciate risks and consequences, id. at 477 -- can contribute to circumstances that lead to felony murder.

As noted earlier, cases that remain in the Family Part illustrate the distinction between felony murder and purposeful murder. Juveniles adjudicated of felony murder face up to 10 years in prison; those adjudicated of purposeful and knowing murder face up to 20 years. N.J.S.A. 2A:4A-44(d)(1)(a), (b). The distinction disappears for juveniles convicted as adults, even though they are less morally culpable.

[Comer, 249 N.J. at 397-98.]

Defendant's argument is misplaced. Comer and the cases cited by the Court all involved juvenile sentencings – not late adolescents. Graham, 560 U.S. at 82 (prohibiting life-without-parole sentences for juvenile non-homicide offenders); Miller, 567 U.S. at 489 (prohibiting mandatory life-without-parole sentences for juvenile homicide offenders); Zuber, 227 N.J. at 429 (extending Miller to situations where a juvenile is facing a term-of-imprisonment that is equivalent to life-without-parole).

Defendant's sentence on the felony murder charge comported with N.J.S.A. 2C:11-3(b) as he received a life sentence with a thirty-year period of

A-0090-23

parole ineligibility. Because the sentence imposed fell within the statutory range and did not exceed the maximum penalty for felony murder, his sentence is not illegal. See Hyland, 452 N.J. Super. at 381.

Lastly, we turn to defendant's argument, raised in point III, that "the sentencing court enhanced [his] sentence for conduct as to which the jury found him not guilty – purposeful murder." In support of his argument, defendant cites the Court's decision in State v. Melvin, and its companion case, State v. Paden-Battle, 248 N.J. 321 (2021), issued nearly three decades after defendant was sentenced. In both cases, at sentencing, the same judge made factual findings that contradicted those made by the juries in acquitting the defendants. Id. at 349-51. The Court held the due process principles inherent in Article I, paragraph 1 of the New Jersey Constitution and the doctrine of fundamental fairness protected the defendant in each case from the sentencing court's improper use of facts related to acquitted conduct to enhance a sentence. Id. at 347-52.

The Melvin Court was silent as to the retroactive application of its new rule. In State v. Morente-Dubon, we held the new rule of law announced by the Melvin Court "should have at least pipeline retroactivity, 'rendering it applicable in all future cases, the case in which the rule [was] announced, and any cases

12

still on direct appeal.'"  474 N.J. Super. 197, 213 (App. Div. 2022) (alteration in original) (quoting State v. Cummings, 184 N.J. 84, 98 (2005)).

Defendant's direct appeal from his convictions and sentence concluded upon the Court's denial of his petition for certification in 1997.  See State v. Parker, 149 N.J. 410 (1997).  Because defendant's direct appeal was rejected with finality in 1997, he was not entitled to pipeline retroactivity under Melvin warranting a remand for resentencing.  Further, our review of the sentencing transcript reveals, as the motion judge found when deciding defendant's double-counting argument, the court properly focused on the surrounding circumstances of Burt's death and did not enhance his sentence based on his acquitted conducted.  As stated, defendant was sentenced within the statutory range.

To the extent we have not specifically addressed defendant's remaining contentions, we are satisfied they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

13

A-0090-23